Antwaun Raymoan Wilson, : 
                Petitioner : 
  : 
                v. : No. 329 C.D. 2015
  : Submitted: July 24, 2015
Pennsylvania Board of Probation : 
and Parole, : 
                Respondent : 


BEFORE:    HONORABLE DAN PELLEGRINI, President Judge
              HONORABLE MARY HANNAH LEAVITT, Judge
              HONORABLE ANNE E. COVEY, Judge


OPINION NOT REPORTED


MEMORANDUM OPINION BY
PRESIDENT JUDGE PELLEGRINI           FILED: August 11, 2015


Antwaun Raymoan Wilson (Wilson) petitions for review of the decision of the Pennsylvania Board of Probation and Parole (Board) denying his Petition for Administrative Review of the Board's order recommitting him as a convicted parole violator to serve 24 months backtime and recalculating his new parole violation maximum date as October 2, 2017. Citing Section 6138(a)(4) of the Prisons and Parole Code, 61 Pa. C.S. §6138(a)(4),[1] Wilson sought credit from

---

[1] Section 6138 of the Code states, in relevant part:

> (a) **Convicted violators.—**

> (1) A parolee under the jurisdiction of the board released from a correctional facility who, during the period of parole … commits a

**(Footnote continued on next page…)**

either July 8, 2014, the date on which the Berks County Court of Common Pleas (trial court) discharged Wilson to the Department of Corrections (Department), or from July 22, 2014, the date that he was actually returned to the state correctional institution; instead, the Board gave him credit on his original sentence from September 19, 2014, the date on which he was recommitted as a convicted parole violator to serve 24 months backtime. We affirm.

_____

**(continued…)**

crime punishable by imprisonment, for which the … parolee pleads guilty … at any time thereafter in a court of record, may at the discretion of the board be recommitted as a parole violator.

(2) If the parolee's recommitment is so ordered, the parolee shall be reentered to serve the remainder of the term which the parolee would have been compelled to serve had the parole not been granted and, except as provided under paragraph (2.1), shall be given no credit for the time at liberty on parole.

\* \* \*

(4) The period of time for which the parole violator is required to serve shall be computed from and begin on the date that the parole violator is taken into custody to be returned to the institution as a parole violator.

(5) If a new sentence is imposed on the parolee, the service of the balance of the term originally imposed by a Pennsylvania court shall precede the commencement of the new term imposed in the following cases:

(i) If a person is paroled from a State correctional institution and the new sentence imposed on the person is to be served in the State correctional institution….

61 Pa. C.S. §6138(a)(1), (2), (4), and (5)(i).

2

Wilson was originally sentenced to two concurrent two-year and six-month to six-year terms of imprisonment based on his guilty pleas to two counts of robbery and one count of criminal conspiracy. With an effective date of February 27, 2010, the minimum date of Wilson's sentence was August 27, 2012, and the maximum date was February 27, 2016. Wilson was released on parole on February 13, 2013.

On October 25, 2013, Wilson was arrested by the Reading Police Department Vice Unit for selling drugs that tested positive for cocaine to an undercover officer and a confidential informant on two separate occasions and charged with two felony counts of delivery of a controlled substance and possession with the intent to deliver a controlled substance and one misdemeanor count of possession of a controlled substance. Wilson did not post bail on the new charges. On December 5, 2013, the Board issued a detainer pending disposition of the criminal charges.

On July 1, 2014, Wilson pleaded guilty in the trial court to the two felony counts of delivery of a controlled substance and the other counts were dismissed. The trial court sentenced Wilson on the new convictions to serve concurrent terms of 16 to 60 months with 220 days credit.

On July 22, 2014, Wilson was transferred from the Berks County Prison to SCI-Graterford. On August 6, 2014, Wilson signed a waiver of his parole revocation hearing and the right to counsel and acknowledged his new felony convictions. On August 26, 2014, and September 19, 2014, the hearing

3

examiner and a panel member[2] signed a Hearing Report accepting Wilson's admissions and recommitting him as a convicted parole violator to serve 24 months backtime. As a result, the Board issued a decision recorded on September 29, 2014, and mailed on October 10, 2014, recommitting Wilson as a convicted parole violator to serve 24 months backtime and recalculating his maximum sentence date from February 27, 2016, to October 2, 2017.[3]

On October 29, 2014, Wilson submitted an Administrative Appeal in which he challenged his recommitment, stating:

> I arrived at SCI Graterford on 7/22/14 and I had my hearing with parole on 8-6-14, but when I received my green sheet it states that I'm not eligible for reparole until 9/19/16 and I was told my hit [sic] starts on the day I got to the S.C.I. or the day I seen [sic] parole.

(CR at 75).

He also submitted a Petition for Administrative Review challenging his sentence credit and reparole eligibility date as follows:

---

[2] Section 6113(b) of the Code states that "[t]he board may make decisions on parole, reparole, return or revocation in panels of two persons. A panel shall consist of one board member and one hearing examiner or of two board members…."

[3] It is undisputed that Wilson owed 1,109 days on his original sentence when he was released on parole on February 13, 2013. Using September 19, 2014, the date that the revocation and recommitment Hearing Report was signed by the second panel member thereby effectively revoking Wilson's parole under Section 6113(b), the Board added 1,109 days to arrive at the new maximum date of October 2, 2017. (Certified Record [CR] at 63, 71).

4

I was released from the Halfway house on 2/13/13 but my original minimum date was 8/27/12. I was currently on pre-release which means I was still on [Department] count. But when I received my green sheet it say [sic] that my new max is 10/02/17. But I was only on the street for 8 months which will make my new max 10/2/17 cause [sic] my original max date was 2/27/16.

(*Id.*).

On February 3, 2015, the Board issued a decision denying Wilson's Petition for Administrative Review explaining, in relevant part:

In your case, you remained incarcerated on secured bail at your new charges until the date of your conviction so you are not entitled to the same time credit at this parole number. You became available to Pennsylvania authorities on September 19, 2014, when the Board obtained the necessary signatures to recommit you as a parole violator. *See Campbell v. Pennsylvania Board of Probation and Parole*, 409 A.2d 980 (Pa. [Cmwlth]. 1980). Adding 1,109 days (or 3 years, 14 days) to September 19, 2014 yields a new parole violation maximum date of October 2, 2017. Therefore, your parole violation maximum sentence date is correct.

(*Id.* at 77).

In this appeal,[4] Wilson claims that the Board erred in recalculating his maximum date from September 19, 2014. As noted above, he argues that his

---

[4] Our scope of review is limited to determining whether the Board's decision is supported by substantial evidence, whether an error of law was committed, or whether constitutional rights **(Footnote continued on next page…)**

5

maximum date should have been calculated from either July 8, 2014, the date on which the trial court discharged Wilson to the Department, or from July 22, 2014, the date that he was actually returned to the state correctional institution.

However, convicted parole violators must serve the backtime on their original state sentence before they can begin to serve time on their newly-imposed state sentence under Section 6138(a) of the Code. As this Court has explained:

> [The predecessor statute to Section 6138(a)(4) of the Code] provide[d] in part that "[t]he period of time for which the parole violator is required to serve shall be computed from and begin on the date that he is taken into custody to be returned to the institution as a parole violator."

> This Court, however, in [*Campbell*], held that where the Board pursuant to [the prior statute] recommits a convicted parole violator to serve the balance of an original sentence before beginning service of a new term, the prisoner's service of backtime on the original sentence must be computed from the date the Board revokes the prisoner's parole. The Court further noted in *Campbell* that the time served by the prisoner prior to the date parole is revoked must be applied to the new sentence.

---

**(continued…)**

have been violated. Section 704 of the Administrative Agency Law, 2 Pa. C.S. §704; *Moroz v. Pennsylvania Board of Probation and Parole*, 660 A.2d 131, 132 (Pa. Cmwlth. 1995).

*Hill v. Pennsylvania Board of Probation and Parole*, 683 A.2d 699, 701-02 (Pa. Cmwlth. 1996).[5]  As a result, the Board did not err in calculating Wilson's new maximum date from September 19, 2014, the date on which the Board obtained the second signature from a panel member that was necessary to recommit him as a convicted parole violator.[6]

---

[5] *See also Williams v. Pennsylvania Board of Probation and Parole*, 654 A.2d 235, 237 (Pa. Cmwlth. 1994) ("[P]ursuant to [*Campbell*], credit for time a convicted parole violator spends in custody between the imposition of a new sentence and revocation of parole must be applied to the new sentence."); *Richmond v. Commonwealth*, 402 A.2d 1134, 1135 (Pa. Cmwlth. 1979) ("Although petitioner is correct that [the predecessor to Section 6138(a)] requires a convicted parole violator to serve the balance of his original sentence before service of the newly imposed term is commenced, this rule only becomes operative when parole has been revoked and the remainder of the original sentence becomes due and owing.").

[6] Pursuant to Section 414 of this Court's Internal Operating Procedures, 210 Pa. Code §69.414(a), unreported decisions may be cited for their persuasive value. *See, e.g., Seilhamer v. Pennsylvania Board of Probation and Parole*, (Pa. Cmwlth. No. 551 C.D. 2009, filed September 15, 2010), slip op. at 9-10 ("Although Seilhamer may have been returned to SCI-Camp Hill on October 7, 2008, Seilhamer did not become available to begin serving his backtime on his original sentence until the Board revoked his parole. *See Hill*, 683 A.2d at 701.  The Board issued its revocation decision recommitting Seilhamer as a convicted parole violator on December 31, 2008; however, the Board used the earlier date of November 17, 2008, the date the necessary signatures were obtained to recommit Seilhamer as parole violator, for purposes of determining Seilhamer's new parole violation maximum date.  (C.R. at 72.)  Adding the eighty six days discussed above to November 17, 2008 yields a new parole violation minimum date of February 11, 2009.  Therefore, the Board properly recalculated Seilhamer's new parole violation maximum date as February 11, 2009, following his recommitment as a convicted parole violator."); *Sanders v. Pennsylvania Board of Probation and Parole*, (Pa. Cmwlth. No. 2177 C.D. 2007, filed August 6, 2008), slip op. at 7 ("[The predecessor statute to Section 6113(b) of the Code] authorizes the Board to act on revocation decisions in panels consisting of two persons.  Here, a hearing examiner conducted Sanders' revocation hearing and determined his parole should be revoked.  Two weeks later, a Board member agreed with the hearing examiner's determination, as evidenced by the member's August 15, 2007 signature on the revocation hearing report.  (C.R. at 45.)  Once the Board obtained the second required signature, it was authorized to revoke Sanders' parole.  Hence, the remainder of Sanders' original state sentence became due and owing on August 15.  *Campbell*.").

Accordingly, the Board's decision is affirmed.

_____

DAN PELLEGRINI, President Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Antwaun Raymoan Wilson,          :
                     Petitioner  :
                                 :
          v.                     : No. 329 C.D. 2015
                                 :
Pennsylvania Board of Probation  :
and Parole,                      :
                     Respondent  :

# **O R D E R**

AND NOW, this <u>11</u><sup>th</sup> day of <u>August</u>, 2015, the decision of the Pennsylvania Board of Probation and Parole dated February 9, 2015, at Parole No. 221GG, is affirmed.

_____
DAN PELLEGRINI, President Judge