Edward Elmore,                                    :
                    Petitioner                    :
                                                  :
          v.                                      : No. 512 C.D. 2018
                                                  : Submitted:  August 24, 2018
Pennsylvania Board of Probation                   :
and Parole,                                       :
                    Respondent                    :


BEFORE:    HONORABLE ROBERT SIMPSON, Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge
           HONORABLE DAN PELLEGRINI, Senior Judge


OPINION NOT REPORTED


MEMORANDUM OPINION BY
SENIOR JUDGE PELLEGRINI                          FILED:  September 12, 2018


          Edward Elmore (Elmore) petitions for review of a Pennsylvania Board of Probation and Parole (Board) order denying his administrative appeal and recommitting him as a convicted parole violator (CPV) to serve 24 months' backtime with a recalculated maximum release date of February 6, 2020.  In his petition, Elmore contends that his maximum release date was miscalculated because the Board improperly failed to give him credit from December 23, 2016, the date on which he was actually returned to a state correctional institution (SCI).  For the following reasons, we affirm.

Elmore has been repeatedly incarcerated and repeatedly paroled as a result of sentences for various crimes he committed since 1995. Pertinent to this appeal, on June 30, 2015, the Board reparoled Elmore with his actual date of release as August 23, 2015. Approximately one year later, on August 2, 2016, the Allentown, Pennsylvania Police Department filed charges against Elmore for forgery, theft by unlawful means and fraud. On August 5, 2016, Elmore was arrested in Connecticut on a fugitive warrant and was returned to Pennsylvania on his new charges on August 24, 2016. Elmore did not post bail. On December 7, 2016, Elmore was sentenced on his new charges and received a sentence of 14 months to 5 years, with credit beginning from August 5, 2016. He was recommitted to SCI-Graterford on December 23, 2016.

Elmore's parole had been revoked as a CPV and he waived his revocation hearing. The Board issued a revocation hearing report (report) signed by one panel member on March 15, 2017, and a second panel member on April 1, 2017. Based on that report, on June 13, 2017, the Board recommitted Elmore to an SCI as a CPV to serve 24 months' backtime for burglary. His new maximum date was February 6, 2020, which was calculated from April 1, 2017, the date the second panel member signed the report.

Elmore filed an administrative appeal, arguing that the Board erred in finding that his recommitment date was April 1, 2017, because it should have been calculated from December 23, 2016, the date of his return to SCI-Graterford. The Board denied his appeal, noting that:

> [T]he Board awarded backtime credit from August 12, 2016 to August 31, 2016 (19 days). Subtracting this 19 days means you still had a total of 1041 days remaining on your original sentence. Any additional time you are questioning will go, or has gone, towards your new conviction at 3992-2016, when you were serving that sentence.
>
> The Prisons and Parole Code[1] provides that convicted parole violators who are paroled from a state correctional institution and then receive another sentence to be served in a state correctional institution must serve the original sentence first. 61 Pa.C.S. § 6138(a)(5). However, that provision does not take effect until the parolee is recommitted as a convicted parole violator. Thus, you did not become available to commence service of your original sentence until April 1, 2017, when the board made their decision. Adding 1041 days to that date yields a new maximum sentence date of February 6, 2020.

(Record (R.) at Section No. 9, Response to Administrative Remedies Form/Correspondence Mailed 3/1/2018, pp. 131 – 132.) Elmore then petitioned this Court for review.[2]

On appeal, Elmore contends that his new maximum sentence date of February 6, 2020, is incorrect because Section 6138(a)(4) of the Prisons and Parole Code (Code) provides that his date should be computed from December 23, 2016,

---

[1] The Prisons and Parole Code, 61 Pa.C.S. §§ 101 – 7123.

[2] Our review is limited to determining whether constitutional rights were violated, whether the adjudication was in accordance with law, and whether necessary findings of fact were supported by substantial evidence. *Flowers v. Pennsylvania Board of Probation and Parole*, 987 A.2d 1269 (Pa. Cmwlth. 2010).

the date he was returned to SCI-Graterford, rather than April 1, 2017, the date the Board revoked his parole.

> Section 6138(a)(4) provides:
>
> > The period of time for which the parole violator is required to serve shall be computed from and begin on the date that the parole violator is **taken into custody** to be returned to the institution as a parole violator.

61 Pa.C.S. § 6138(a)(4) (emphasis added).  When a parole violator is "taken into custody" as used in this provision, it is not determined from the date he is returned to SCI, but when his parole is revoked.  Section 6138(a)(5) of the Code provides that a CPV must serve backtime on the original state sentence before he can begin to serve time on his newly-imposed state sentence.  *Wilson v. Pennsylvania Board of Probation and Parole*, 124 A.3d 767, 769 (Pa. Cmwlth. 2015).  A parole violator is not available to begin serving his backtime on his original sentence until the Board revokes his parole.  *Id.* at 770, n.6.  Parole revocation occurs when the Board obtains the second signature from a panel member.  *Id.*

Accordingly, because the Board did not err in calculating Elmore's new maximum date from April 1, 2017, the date on which the Board obtained the second signature from a panel member, which was necessary to recommit him as a CPV, we affirm the Board's order.

_____
DAN PELLEGRINI, Senior Judge

4

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Edward Elmore, : 
        Petitioner : 
        : 
       v. : No. 512 C.D. 2018
        : 
Pennsylvania Board of Probation : 
and Parole, : 
        Respondent : 

# **O R D E R**

AND NOW, this 12th day of September, 2018, the order of the Pennsylvania Board of Probation and Parole dated March 15, 2018, at Parole No. 1351O, is affirmed.

_____
DAN PELLEGRINI, Senior Judge