# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Rodney McClinton,

                  Petitioner

              v.

Pennsylvania Board of
Probation and Parole,

                  Respondent

: 
: 
: 
: 
: 
: 
: 
:   No. 1287 C.D. 2018
:   Submitted: March 8, 2019

BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
               HONORABLE ANNE E. COVEY, Judge
               HONORABLE CHRISTINE FIZZANO CANNON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                         FILED: May 29, 2019

      Rodney McClinton (McClinton) petitions this Court for review of the Pennsylvania Board of Probation and Parole's (Board) April 26, 2018 order denying his request for administrative relief. McClinton presents one issue for this Court's review: whether the Board properly awarded him credit for the time he served exclusively under the Board's warrant. After review, we affirm.

      McClinton was serving a 9-month to 3-year sentence for simple assault and resisting arrest (Original Sentence) at the State Correctional Institution (SCI) at Waymart.[1] *See* Certified Record (C.R.) at 4-10. On May 25, 2016, the Board voted to parole McClinton and he was released on July 5, 2016. *See* C.R. at 7. At that time, McClinton's Original Sentence maximum release date was October 28, 2017. *See* C.R. at 4. Thus, he had 480 days remaining to be served on his Original Sentence. *See* C.R. at 67.

---

[1] McClinton is currently incarcerated at SCI-Mahanoy serving a new sentence on drug charges for which he pled guilty in 2017. *See* Certified Record at 12-17.

McClinton agreed to parole conditions, including:

> If you are arrested on new criminal charges, the Board has the authority to lodge a detainer against you which will prevent your release from custody, pending disposition of those charges, even though you may have posted bail or been released on your own recognizance from those charges.
>
> . . . .
>
> If you are convicted of a crime committed while on parole/reparole, the Board has the authority, after an appropriate hearing, to recommit you to serve the balance of the sentence or sentences which you were serving when paroled/reparoled, with no credit for time at liberty on parole [(*i.e.*, street time)[2]].

C.R. at 8.

On October 19, 2016, a criminal complaint was filed against McClinton in Lackawanna County, and he was arrested and charged with numerous drug-related offenses (New Charges). *See* C.R. at 12-17. On October 20, 2016, McClinton's bail on the New Charges was set. *See* C.R. at 30, 34, 58. However, he was detained in Lackawanna County Prison pending the disposition of his New Charges because he did not post bail. *See* C.R. at 20, 30.

Also on October 20, 2016, the Board lodged a warrant to commit and detain McClinton pending the disposition of his New Charges. *See* C.R. at 18-25. On October 24, 2016, McClinton waived his rights to counsel and a detention hearing. *See* C.R. at 26-27. On November 16, 2016, the second panel member voted

---

[2] "Street time" refers to "the period of time a parolee spends at liberty on parole." *Dorsey v. Pa. Bd. of Prob. & Parole*, 854 A.2d 994, 996 n.3 (Pa. Cmwlth. 2004).

2

to accept McClinton's waivers and detain him pending the disposition of his New Charges.[3] *See* C.R. at 28-29, 33.

On August 8, 2017, McClinton pled guilty to one of the New Charges and was sentenced to 1 to 3 years in prison.[4] *See* C.R. at 36, 39, 42. According to the Pennsylvania Department of Corrections Moves Report, McClinton was moved from Lackawanna County Prison to SCI-Graterford on September 6, 2017. *See* C.R. at 66. On September 13, 2017, the Board received notice of McClinton's conviction. *See* C.R. at 42, 47. On September 25, 2017, McClinton admitted to being convicted of his New Charges, and waived his right to a revocation hearing and counsel. *See* C.R. at 43-46.

On October 16, 2017, the second panel member voted to accept McClinton's waivers, recommit him as a convicted parole violator (CPV) to serve 21 months' backtime, and deny him credit for time spent at liberty on parole.[5] *See* C.R. at 47-54. By decision recorded October 31, 2017 (mailed November 3, 2017), the Board formally recommitted McClinton to an SCI as a CPV to serve his unexpired term of 1 year, 3 months and 23 days. *See* C.R. at 69-70. The Board recalculated McClinton's Original Sentence maximum release date to February 8, 2019.[6] *See* C.R. at 67, 69.

---

[3] Section 6113(b) of the Prisons and Parole Code states, in relevant part: "The [B]oard may make decisions on . . . revocation in panels of two persons. A panel shall consist of one [B]oard member and one hearing examiner or of two [B]oard members." 61 Pa.C.S. § 6113(b).

[4] The other New Charges were nolle prossed. *See* C.R. at 15, 25.

[5] The Board's reasons for denying McClinton street time credit were due to his multiple prior CPV violations, his supervision history, his inability to adapt to the community, his escalating pattern of criminality, and his risk to public safety. *See* C.R. at 54.

[6] This Court recognizes that, under *Taylor v. Pennsylvania Board of Probation & Parole*, 746 A.2d 671, 674 (Pa. Cmwlth. 2000) (en banc), "the expiration of a parolee's maximum term renders an appeal of a Board revocation order moot." However, because McClinton is still serving his sentence on his New Charges and is still under the Board's supervision, the issues herein effect his new maximum sentence release date and, thus, are not moot.

On November 29, 2017, McClinton, through his counsel Kent D. Watkins, Esquire (Attorney Watkins), submitted an Administrative Remedies Form challenging the Board's decision recorded October 31, 2017 (mailed November 3, 2017), claiming that his "[r]ecommitment term is excessive and disproportionate[,"] and that the it "f[a]iled to give [him] credit for all time served exclusively pursuant to the [B]oard['s] warrant." C.R. at 71. On April 26, 2018, the Board denied McClinton's request for administrative relief and affirmed the Board's decision. *See* C.R. at 72-73. On September 21, 2018, McClinton appealed to this Court.[7]

McClinton argues that the Board failed to award him credit for the time he served exclusively under the Board's warrant, including credit for the time after he was returned to state prison as a CPV. He specifically contends that since he was returned to SCI-Graterford on September 6, 2017, the 480 days remaining on his Original Sentence should be calculated from that day, so that his maximum sentence release date would be December 30, 2018. In the alternative, McClinton asserts that the 480 days remaining on his Original Sentence should be calculated from when he admitted to his convictions and waived his right to a hearing on September 25, 2017, thereby making his maximum sentence release date January 18, 2019.

Initially,

---

[7] "Our scope of review of the Board's decision denying administrative relief is limited to determining whether necessary findings of fact are supported by substantial evidence, an error of law was committed, or constitutional rights have been violated." *Fisher v. Pa. Bd. of Prob. & Parole*, 62 A.3d 1073, 1075 n.1 (Pa. Cmwlth. 2013).

On September 21, 2018, McClinton filed an application for leave to file a petition for review nunc pro tunc (Nunc Pro Tunc Petition) with this Court. On September 27, 2018, this Court granted McClinton's application for leave to proceed in forma pauperis and his Nunc Pro Tunc Petition. On October 16, 2018, McClinton filed his petition for review. Despite that Attorney Watkins already represented McClinton, on October 18, 2018, this Court appointed a Schuylkill County Public Defender to represent McClinton in this matter. On October 26, 2018, Attorney Watkins entered his appearance for McClinton as public defender.

Section 6138(a)(1) of the Prisons and Parole Code (Parole Code) provides that

> [a] parolee under the jurisdiction of the [B]oard released from a correctional facility who, during the period of parole or while delinquent on parole, commits a crime punishable by imprisonment, for which the parolee is convicted or found guilty by a judge or jury or to which the parolee pleads guilty or nolo contendere at any time thereafter in a court of record, may at the discretion of the [B]oard be recommitted as a parole violator.

61 Pa. C.S. § 6138(a)(1). Where the [Board] determines to recommit a parolee as a [CPV],

> the parolee shall be reentered to serve the remainder of the term which the parolee would have been compelled to serve had the parole not been granted and, *except as provided under paragraph (2.1)*,[8] shall be given no credit for the time at liberty on parole.

61 Pa. C.S. § 6138(a)(2) (emphasis added). Section 6138(a)(2.1) of the Parole Code provides that, '[t]he [Board] may, in its discretion, award credit to a parolee recommitted . . . for the time spent at liberty on parole,' with [] enumerated exceptions, none of which are applicable in this case. 61 Pa. C.S. § 6138(a)(2.1).

---

[8] Section 6138(a)(2.1) of the Parole Code states, in relevant part:

> The [B]oard may, in its discretion, award credit to a parolee recommitted under paragraph (2) for the time spent at liberty on parole, unless any of the following apply:
>
> > (i) The crime committed during the period of parole or while delinquent on parole is a crime of violence as defined in [Section 9714(g) of the Sentencing Code] . . . (relating to sentences for second and subsequent offenses) or a crime requiring registration under 42 Pa.C.S. Ch. 97 Subch. H (relating to registration of sexual offenders).

61 Pa.C.S. § 6138(a)(2.1). Because the drug-related crimes for which McClinton was convicted were not crimes of violence included in Section 9714(g) of the Sentencing Code, the Board had the discretion to award McClinton street time credit, but did not.

5

*Smoak v. Talaber*, 193 A.3d 1160, 1163-64 (Pa. Cmwlth. 2018) (footnotes omitted).

Further, Section 6138(a)(4) of the Parole Code states: "The period of time for which the parole violator is required to serve shall be computed from and begin on the date that the parole violator is taken into custody to be returned to the institution as a parole violator." 61 Pa.C.S. § 6138(a)(4). Section 6138(a)(5) of the Parole Code specifies that "[i]f a person is paroled from a[n SCI] and the new sentence imposed . . . is to be served in [an SCI,]" "the service of the balance of the term originally imposed by a Pennsylvania court shall precede the commencement of the new term[.]" 61 Pa.C.S. § 6138(a)(5).

Here, the Board concluded, in relevant part:

On October 20, 2016, authorities detained [] [Mc]Clinton for [his New Charges] in the Court of Common Pleas of Lackawanna County. The trial court set monetary bail. [] McClinton did not post bail . . . . On August 6, 2017 [sic], [] McClinton pled guilty to the [New Charges]. That same day, the court sentenced him to a new term of imprisonment to be served in a[n SCI] [o]n his [New Charges].

Based on these facts, the Board did not give [] [Mc]Clinton any credit for the period he was incarcerated from October 20, 2016 to October 16, 2017, because he was confined solely on the [New Charges] or the [New Charges] and the [B]oard detainer. *Gaito v. [Pa.] B[d.] of Prob[.] [&] Parole*, 412 A.2d 568 (Pa. 1980). This time will be applied to his new sentence when it is calculated. This means he still had 480 days remaining on his [O]riginal [S]entence at the time of his recommitment.

. . . . McClinton did not become available to commence service of his [O]riginal [S]entence until October 16, 2017 because that is when the Board voted to recommit him as a parole violator. *Campbell v. [Pa.] B[d.] of Prob[.] [&] Parole*, 409 A.2d 980 (Pa. [Cmwlth.] 1980). Adding 480

6

days to that date yields a new maximum sentence date of February 8, 2019.[9]

C.R. at 72-73.

In *Wilson v. Pennsylvania Board of Probation & Parole*, 124 A.3d 767 (Pa. Cmwlth. 2015), the parolee similarly argued that the Board erred by calculating his new maximum sentence date from the date the Board obtained the second panel member's signature, as opposed to the date he was moved from county prison to SCI-Graterford. Therein, this Court explained that, regardless of when the parolee was moved from county prison to state prison, a parolee does not become available to begin serving his backtime on his original sentence until the Board revokes parole, which is when the Board obtains the second required signature on the revocation hearing report.[10] *See id.*; *see also Palmer v. Pa. Bd. of Prob. & Parole*, 134 A.3d 160, 166 (Pa. Cmwlth. 2016) ("[A] parole violator's new maximum date is calculated

---

[9] The Parole Code was consolidated and became effective on October 13, 2009. This Court acknowledges that *Gaito* and *Campbell* were decided under Section 21.1 of what was commonly known as the Parole Act, Act of August 6, 1941, P.L. 861, *as amended*, added by Section 5 of the Act of August 24, 1951, P.L. 1401, *formerly* 61 P.S. § 331.21a(a), repealed by the Act of August 11, 2009, P.L. 147. However, in *Hill v. Pennsylvania Board of Probation & Parole*, 683 A.2d 699 (Pa. Cmwlth. 1996), this Court clarified:

> This Court, . . . in *Campbell* . . . , held that where the Board pursuant to Section 21.1(a) of the Parole Act recommits a [CPV] to serve the balance of an original sentence before beginning service of a new term, the prisoner's service of backtime on the original sentence must be computed from the date the Board revokes the prisoner's parole. The Court further noted in *Campbell* that the time served by the prisoner prior to the date parole is revoked must be applied to the new sentence.

*Hill*, 683 A.2d at 701-02. Despite the 2009 enactment of Section 6138 of the Parole Code, this Court has continued to apply the *Campbell* Court's reasoning. *See Palmer v. Pa. Bd. of Prob. & Parole*, 134 A.3d 160 (Pa. Cmwlth. 2016); *see also Wilson v. Pa. Bd. of Prob. & Parole*, 124 A.3d 767 (Pa. Cmwlth. 2015).

[10] By extension, McClinton's claim that the 480 days remaining on his Original Sentence should be calculated from September 25, 2017 (when he admitted to his convictions and waived his hearing rights), is likewise without merit.

7

from the date on which the Board obtained the second signature needed to recommit him as a CPV.").[11]

> Here, the Board's hearing report indicates the hearing examiner obtained the second signature for [McClinton's] recommitment on [October 16, 2017]. [*See*] C.R. at [54]. As such, [McClinton's] new maximum expiry must be calculated from that date. *Wilson*; *Campbell*.

*Palmer*, 134 A.3d at 166. Accordingly, by adding 480 days to October 16, 2017, the date the second panel member voted to recommit McClinton, the Board properly recalculated McClinton's new Original Sentence maximum release date as February 8, 2019.

For the above reasons, the Board's order is affirmed.

_____
ANNE E. COVEY, Judge

---

[11] This Court's *Wilson* and *Palmer* decisions, which control when McClinton became available to serve the backtime on his Original Sentence, belie McClinton's claim that the law is outdated or unclear.

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Rodney McClinton,                  :
                    Petitioner    :
                                   :
          v.                       :
                                   :
Pennsylvania Board of              :
Probation and Parole,              :     No. 1287 C.D. 2018
                    Respondent    :

## O R D E R

AND NOW, this 29th day of May, 2019, the Pennsylvania Board of Probation and Parole's April 26, 2018 order is affirmed.

_____
ANNE E. COVEY, Judge