Cole J. Kazickas,                :
                 Petitioner    :
                           :
         v.                :
                           :
Pennsylvania Board        :
of Probation and Parole,   :     No. 214 C.D. 2019
              Respondent   :     Submitted: October 18, 2019


BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
               HONORABLE ANNE E. COVEY, Judge
               HONORABLE CHRISTINE FIZZANO CANNON, Judge

OPINION BY
JUDGE COVEY                 FILED: February 7, 2020


Cole J. Kazickas (Kazickas) petitions this Court for review of the Pennsylvania Board of Probation and Parole's (Board) January 30, 2019 order denying his request for administrative relief.[1]  The sole issue before this Court is whether the Board erred by denying Kazickas credit for time served on parole in good standing when recommitting him as a convicted parole violator (CPV) after previously recommitting him as a technical parole violator (TPV) with street time credit during the same parole period.  After review, we affirm.

Kazickas is currently an inmate incarcerated at the State Correctional Institution (SCI) at Dallas.  On August 2, 2012, Kazickas was sentenced to 1 year, 5 months and 8 days to 3 years and 11 months for violating his drug certification

---

[1] Kazickas filed his petition for review pro se; however, on March 22, 2019, William E. Moore, Esquire (Counsel) entered his appearance on Kazickas' behalf and filed an appellate brief. Counsel also filed the Board's Certified Record as the Reproduced Record.  Because the proposed Reproduced Record is not numbered in accordance with Pennsylvania Rule of Appellate Procedure 2173 (relating to pagination), references herein are made to the Certified Record.

program and possessing drug paraphernalia (Original Sentence). *See* Certified Record (C.R.) at 2, 7. On November 30, 2012, Kazickas was sentenced to a concurrent term of 11 months and 8 days to 2 years and 11 months for drug possession and escape from detention. *See* C.R. at 2, 7.

On November 6, 2013, the Board voted to parole Kazickas from his Original Sentence. *See* C.R. at 4-6. He was released on parole on January 13, 2014. *See* C.R. at 8. At that time, his maximum release date was July 2, 2016. *See* C.R. at 170. As a condition of his parole, Kazickas signed and, therefore, agreed to Conditions of Parole/Reparole (Parole Conditions), including, *inter alia*:

> 2. Your approved residence . . . may not be changed without the written permission of the parole supervision staff.
>
> . . . .
>
> 7. . . . If you are arrested on new criminal charges, the Board has the authority to lodge a detainer against you which will prevent your release from custody, pending disposition of those charges, even though you may have posted bail or been released on your own recognizance from those charges.
>
> If you violate a condition of your parole/reparole and, after the appropriate hearing(s), the Board decides that you are in violation of a condition of your parole/reparole[,] you may be recommitted to prison for such time as may be specified by the Board.
>
> If you are convicted of a crime committed while on parole/reparole, the Board has the authority, after an appropriate hearing, to recommit you to serve the balance of the sentence or sentences which you were serving when paroled/reparoled, with no credit for time at liberty on parole [(*i.e.*, street time)[2]].

---

[2] "Street time" refers to "the period of time a parolee spends at liberty on parole." *Dorsey v. Pa. Bd. of Prob. & Parole*, 854 A.2d 994, 996 n.3 (Pa. Cmwlth. 2004).

2

C.R. at 9; *see also* C.R. at 9-11. The Parole Conditions also prohibited Kazickas from consuming or possessing alcohol and/or controlled substances. *See* C.R. at 10.

On October 7, 2015, Kazickas was arrested in Bucks County and charged with driving under the influence of a controlled substance (Bucks County Charges). *See* C.R. at 14-18. On October 8, 2015, the Board lodged a 48-hour detainer against Kazickas, and he was placed in Bucks County Prison. *See* C.R. at 12. On October 13, 2015, Kazickas was released from Bucks County Prison with instructions to report to his parole agent at the Allentown District Office. *See* C.R. at 52.

On October 29, 2015, the Board declared Kazickas delinquent effective October 27, 2015 because he did not report to his parole agent. *See* C.R. at 13. That same day, Kazickas reported to the Allentown District Office, tested positive for controlled substances and was taken to Lackawanna County Prison for detoxification.[3] *See* C.R. at 52. Kazickas was transferred to an in-patient treatment center on November 10, 2015. *See* C.R. at 52. On January 22, 2016, Kazickas was moved to the Allentown Community Corrections Center (CCC). *See* C.R. at 52. After Kazickas absconded from the CCC, the Board declared Kazickas delinquent effective February 19, 2016. *See* C.R. at 22, 52.

On April 13, 2016, the Hellertown Police Department arrested Kazickas on charges of corruption of a minor, endangering the welfare of a child, recklessly endangering another person, and possession of controlled substances and drug paraphernalia (Northampton County Charges). *See* C.R. at 41-45. He did not post bail on his Northampton County Charges. *See* C.R. at 46. On April 20, 2016, the Board issued a warrant to commit and detain Kazickas, and he was placed in Lehigh County Prison. *See* C.R. at 23, 46. On April 25, 2016, the Board ordered that

---

[3] The Board cancelled the delinquency when Kazickas reported to the Allentown District Office on October 29, 2015. *See* C.R. at 13.

Kazickas be detained at Lehigh County Prison pending disposition of his Northampton County Charges.  *See* C.R. at 24.

On April 27, 2016, the Board served Kazickas with a Notice of Charges for violating his Parole Conditions by absconding from his approved residence at the CCC.  *See* C.R. at 36.  That same day, Kazickas admitted to the parole violation and waived his right to counsel and panel and detention hearings.  *See* C.R. at 25-27.  On May 27, 2016, the second panel member voted to recommit Kazickas as a TPV.[4]  *See* C.R. at 25-52.

By decision recorded June 1, 2016 (mailed June 8, 2016), the Board formally recommitted Kazickas as a TPV to serve his unexpired term, and recalculated Kazickas' Original Sentence as follows: "PAROLE VIOLATION MAX DATE [(i.e., JULY 2, 2016)] WITH DELINQUENCY TIME [(i.e., 61 DAYS FROM FEBRUARY 19 TO APRIL 20, 2016)] ADDED IS [SEPTEMBER 1,] 2016, SUBJECT TO CHANGE IF CONVICTED OF PENDING CRIMINAL CHARGES."[5]  C.R. at 54; *see also* C.R. at 55-57.  The Board's June 1, 2016 Order to Recommit reflected that Kazickas forfeited "0[] D[ays]" of prior parole liberty.  C.R. at 56.  Thus, Kazickas lost time for the period he was delinquent, but did not lose credit at that time for the period he spent on parole in good standing between his January 13, 2014 parole release date and when he was confined on the Bucks County Charges on October 7, 2015.  *See* C.R. at 170.

---

[4] Section 6113(b) of the Prisons and Parole Code states, in relevant part: "The [B]oard may make decisions on . . . revocation in panels of two persons.  A panel shall consist of one board member and one hearing examiner or of two board members."  61 Pa.C.S. § 6113(b).  "[T]he date that the revocation and recommitment Hearing Report was signed by the second panel member thereby effectively revok[ed] [Kazickas'] parole . . . ."  *Wilson v. Pa. Bd. of Prob. & Parole*, 124 A.3d 767, 769 n.3 (Pa. Cmwlth. 2015).

[5] "It is well-settled law that the Board retains jurisdiction to recommit an individual as a parole violator after the expiration of the maximum term, so long as the crimes that lead [sic] to the conviction occurred while the individual is on parole."  *Miskovitch v. Pa. Bd. of Prob. & Parole*, 77 A.3d 66, 73 (Pa. Cmwlth. 2013); *see also Reavis v. Pa. Bd. of Prob. & Parole*, 909 A.2d 28, 34 (Pa. Cmwlth. 2006).

4

The Board released Kazickas from his detainer upon reaching his maximum sentence date on September 1, 2016. *See* C.R. at 86. On September 2, 2016, Kazickas' parole supervisors executed a Criminal Arrest and Disposition Report for the Board to declare Kazickas delinquent for control purposes. *See* C.R. at 58-62. On September 8, 2016, the Board declared Kazickas delinquent for control purposes as of October 7, 2015, when he was arrested on the Bucks County Charges. *See* C.R. at 63.

On September 23, 2016, Kazickas entered into a negotiated plea regarding his Northampton County Charges, pleading guilty to endangering the welfare of a child, possession of a controlled substance and making false reports. *See* C.R. at 64-80. On October 6, 2016, the Board re-lodged its warrant to commit and detain Kazickas, stating: "Although [Kazickas'] original maximum sentence was [September 1,] 2016, the maximum sentence is being extended due to a new conviction. The new maximum sentence will be computed upon recording of the Board's final action." C.R. at 75.

On October 20, 2016, the Board served Kazickas with a Notice of Charges based upon his Northampton County Charges conviction. *See* C.R. at 81. That same day, Kazickas admitted to the conviction and waived his right to counsel as well as panel and detention hearings. *See* C.R. at 81-89. On November 8, 2016, the second panel member voted to recommit Kazickas as a CPV to serve his unexpired term, without credit for time spent at liberty in good standing on parole, because Kazickas "was involved in a relationship with the minor victim of the CPV offense[,] . . . [the minor] overdosed on heroin, and was unresponsive[] at the time police responded." C.R. at 97; *see also* C.R. at 90-97. On November 9, 2016, Kazickas was sentenced to 12 to 24 months of incarceration in an SCI for the Northampton County Charges, followed by 12 months of supervision, with credit for time served. *See* C.R. at 98-113.

On October 26, 2016, Kazickas pled guilty to the Bucks County Charges and was sentenced to one year and six months of probation. *See* C.R. at 114-130. On November 22, 2016, the Board served Kazickas with a Notice of Charges based upon his Bucks County Charges conviction. *See* C.R. at 131. That same day, Kazickas admitted to the conviction and waived his right to a panel hearing. *See* C.R. at 132, 140. On December 12, 2016, the panel voted to recommit Kazickas as a CPV to serve his unexpired term, without credit for time spent at liberty on parole, because Kazickas "has an additional conviction for [e]ndangering the [w]elfare of [c]hildren, [p]ossession of a [c]ontrolled substance and [f]alse [r]eports. . . . These reasons also explain why the presumptive range of 3-12 m[onths] is not recommended and [an] unexpired term is recommended." C.R. at 148; *see also* C.R. at 141-150. On November 30, 2016, Kazickas was transferred to SCI-Graterford.

By decision recorded December 27, 2016 (mailed February 21, 2017), the Board referred to and modified its June 1, 2016 action (mailed June 8, 2016; recommitting Kazickas as a TPV) as previously specified to also formally recommit Kazickas as a CPV to serve his unexpired term (i.e., "2 YEARS, 4 MONTHS CONCURRENTLY FOR A TOTAL OF 2 YEARS [AND] 4 MONTHS BACKTIME.") (Recommitment Decision). C.R. at 152; *see also* C.R. at 149-153. The Board recalculated Kazickas' Original Sentence maximum release date to March 12, 2019.[6] *See* C.R. at 149, 152.

On March 10, 2017, Kazickas submitted an Administrative Remedies Form appealing from the Recommitment Decision alleging, *inter alia*, that: (1) although he maxed out his sentence, new criminal convictions resulted in the Board rescinding his street time and recalculating his maximum sentence release date; (2) the Board erred by exceeding the presumptive ranges; and (3) the Board abused its

---

[6] According to the parties, Kazickas nevertheless remains in custody at SCI-Dallas.

discretion by failing to credit his sentence for time he spent at liberty on parole.[7]  *See* C.R. at 154-155.

By decision recorded January 11, 2019 (mailed January 16, 2019), the Board referred to its Recommitment Decision and recommitted Kazickas as a TPV to serve his unexpired term, and stated that "THE BOARD IN ITS DISCRETION DID NOT AWARD CREDIT TO YOU FOR THE TIME SPENT AT LIBERTY ON PAROLE FOR THE FOLLOWING REASON:  -- UNRESOLVED DRUG AND ALCOHOL ISSUES."  C.R. at 163; *see also* C.R. at 164.  By January 30, 2019 letter, the Board responded to Kazickas' administrative appeal as follows:

> First, the Board recalculated your maximum sentence date to March 12, 2019, based on your recommitment as a [CPV].  The decision to recommit you as a [CPV] gave the Board statutory authority to recalculate your sentence to reflect that you received no credit for the period you were at liberty on parole.  61 Pa.C.S. § 6138(a)(2).  The Board denied you credit for time at liberty on parole in this instance.  The Board advised you of this potential penalty on the parole conditions you signed on January 10, 2014.  You also had constructive notice of this potential penalty via the statute.  Additionally, the ability to challenge the recalculation decision after it is imposed satisfies your due process rights.  Therefore, the Board's recalculation of your maximum sentence date did not violate any constitutional provisions, including double jeopardy.
>
> Next, the Board recommitted you to serve your unexpired term of 2 years, 4 months for the offenses in question.  The presumptive ranges assigned to these offenses are as follows, based on [Sections 75.1 and 75.2 of the Board's Regulations,] 37 Pa. Code §§ 75.1-75.2:
>
> • Endangering the Welfare of Children (M[isdemeanor (M)] l) = 12 to 18 months

---

[7] Kazickas also notified the Board that it was using an incorrect SCI number for him.  *See* C.R. at 154.  The Board corrected the error by decision recorded on April 12, 2017.  *See* C.R. at 161.  In addition, on May 1, 2018, the Board denied Kazickas' reparole request based on reported misconducts and his unsatisfactory parole supervision history.  *See* C.R. at 162.

7

• Intentional Possession of a Controlled Substance (M) = 3 to 6 months

• False Reports - Reported Offense Did Not Occur (M2) = 3 to 6 months

• [DUI] (M) = 3 to 6 months

• Use/Possession of Drug Paraphernalia (M) = 3 to 6 months

Adding these terms together gave the Board a maximum term of 42 months. 37 Pa. Code § 75.2. Therefore the decision for you to serve 2 years, 4 months, falls within the presumptive range and is not subject to challenge. *Smith v. P[a.] B[d.] of Prob[.] [&] Parole*, 574 A.2d 558 (Pa. 1990).

Finally, the decision on whether to grant or deny a [CPV] credit for time at liberty on parole is purely a matter of discretion. The Prisons and Parole Code [(Parole Code)] authorizes the Board to grant or deny credit for time at liberty on parole for certain criminal offenses. 61 Pa.C.S. § 6138(a)(2.1). To the extent that you claim the Board abused its discretion by not having an adequate reason to deny you credit for the time you spent at liberty on parole, your request for relief is granted. On January 16, 2019, the Board mailed you a new [B]oard action providing a reason for why you were denied credit for the time you spent at liberty on parole. In this case the reasoning provided was that you have unresolved drug and alcohol issues.

Accordingly, the [B]oard action [recorded December 27, 2016 (]mailed February 21, 2017[)], is AFFIRMED as to the Board's authority to recalculate your sentence and the recommitment term imposed. To the extent you claim the Board abused its discretion and failed to state a reason for not awarding credit for time at liberty on parole, your request for relief is GRANTED, and the new [B]oard action was mailed on January 16, 2019.

C.R. at 165-166.

By decision recorded March 29, 2019 (mailed April 2, 2019), "DUE TO RECEIPT OF ADDITIONAL INFORMATION," the Board modified its December 27, 2017, April 12, 2018 and January 11, 2019 actions "BY CHANGING [KAZICKAS'] PAROLE

8

VIOLATION MAX DATE TO NOW READ: [MARCH] 7[,] 2019," and modified its December 27, 2016 action (mailed February 21, 2017) by changing the recommitment portion to now read: "RECOMMIT TO A[N] [SCI] AS A [CPV] TO SERVE YOUR UNEXPIRED TERM OF 2 YEARS, 3 MONTHS, 25 DAYS, CONCURRENTLY, FOR A TOTAL OF YOUR UNEXPIRED TERM OF 2 YEARS, 3 MONTHS, 25 DAYS."[8]  C.R. at 168; *see also* C.R. at 169-171.  The Board's March 29, 2019 Order to Recommit reflected that Kazickas forfeited "0[] D[ays]" of prior parole liberty.  C.R. at 170.  Kazickas appealed to this Court.[9]

Kazickas' sole argument in this appeal is that, in light of this Court's holding in *Penjuke v. Pennsylvania Board of Probation & Parole*, 203 A.3d 401 (Pa. Cmwlth. 2019), the Board erred by forfeiting his street time credit upon his recommitment as a CPV following his recommitment as a TPV with credit for time served on parole in good standing.[10]  The Board rejoins that "*Penjuke* does not apply to this case because the criminal conduct that led to [Kazickas'] recommitment as a [CPV] occurred during the same period of parole as the violation that led to his recommitment as a [TPV]."  Bd. Br. at 8.  This Court agrees with the Board.

Section 6138 of the Parole Code provides, in relevant part:

**(a) Convicted violators.**--

(1) A parolee under the jurisdiction of the [B]oard released from a correctional facility who, during the period of parole or while delinquent on parole, commits a crime punishable by imprisonment, for which the parolee is convicted or

---

[8] Based on the record, the Board credited Kazickas five days from April 20 to April 25, 2016, when he was held on the Board's detainer.  *See* C.R. at 170.

[9] "Our scope of review of the Board's decision denying administrative relief is limited to determining whether necessary findings of fact are supported by substantial evidence, an error of law was committed, or constitutional rights have been violated."  *Fisher v. Pa. Bd. of Prob. & Parole*, 62 A.3d 1073, 1075 n.1 (Pa. Cmwlth. 2013).

[10] Kazickas concludes that, since the Board cannot later revoke street time credit previously awarded, he completed his Original Sentence on September 1, 2016, and his one- to two-year sentence for the Northampton County Charges expired, thus, he should be released from prison immediately.

found guilty . . . at any time thereafter in a court of record, may at the discretion of the [B]oard be recommitted as a parole violator.

(2) If the parolee's recommitment is so ordered, the parolee shall be reentered to serve the remainder of the term which the parolee would have been compelled to serve had the parole not been granted and, except as provided under paragraph (2.1), shall be given no credit for the time at liberty on parole.

(2.1) The [B]oard may, in its discretion, award credit to a parolee recommitted under paragraph (2) for the time spent at liberty on parole, unless any of the following apply:

> (i) The crime committed during the period of parole or while delinquent on parole is a crime of violence as defined in [Section 9714(g) of the Sentencing Code,] 42 Pa.C.S. § 9714(g) (relating to sentences for second and subsequent offenses) or a crime requiring registration under [Sentencing Code] Subch. H (relating to registration of sexual offenders).

. . . .

**(c) Technical violators.**--

(1) A parolee under the jurisdiction of the [B]oard who violates the terms and conditions of his parole, . . . may be detained pending a hearing before the [B]oard or waiver of the hearing or recommitted after a hearing before the [B]oard or a waiver of the hearing.

. . . .

(2) If the parolee is recommitted under this subsection, the parolee shall be given credit for the time served on parole in good standing but with no credit for delinquent time and may be reentered to serve the remainder of the original sentence or sentences.

(3) The remainder shall be computed by the [B]oard from the time the parolee's delinquent conduct occurred for the unexpired period of the maximum sentence imposed by the court without credit for the period the parolee was

10

delinquent on parole. The parolee shall serve the remainder so computed from the date the parolee is taken into custody on the warrant of the [B]oard.

61 Pa.C.S. § 6138.

This Court has ruled:

Under the current statutory regime, the [] Board must [] decide whether to award or deny credit for street time upon a parolee's recommitment as a [CPV]. *See* 61 Pa.C.S. § 6138(a)(2.1). Once the [] Board grants sentence credit for street time, it is gone. **The only extant 'time spent at liberty on parole' will be that time that falls between the parolee's most recent reparole and his recommitment**. *Id.*

*Young v. Pa. Bd. of Prob. & Parole*, 189 A.3d 16, 21 (Pa. Cmwlth. 2018) (emphasis added; footnote omitted).[11] In *Penjuke*, this Court again declared:

[**T**]**he Board could not 'reach back**,' *Brady* [*v. Pa. Bd. of Prob. & Parole* (Pa. Cmwlth. No. 262 C.D. 2018, filed August 7, 2019) (*Brady I*)], slip op. at 9, **into the past periods of parole** and [] take away or revoke credit that was previously granted . . . as a TPV-credit which, we stated in *Young*, should have 'already been applied to his original sentence.' [*Young*,] 189 A.3d at 21.

*Penjuke*, 203 A.3d at 417 (emphasis added). Accordingly, the *Penjuke* Court ruled, "when the Board recommits a CPV, it cannot revoke the credit that a parolee has been granted in a **previous parole** that resulted in recommitment as a TPV." *Id.* at 420 (emphasis added); *see also Brady v. Pa. Bd. of Prob. & Parole* (Pa. Cmwlth. No. 262 C.D. 2018, filed February 1, 2019) (*Brady II*) (the Board may only order forfeiture of street time credit a parolee earned *between the date of the most recent*

---

[11] The Pennsylvania Supreme Court granted an appeal in *Young*. *See Young v. Pa. Bd. of Prob. & Parole*, 200 A.3d 5 (Pa. 2019).

11

*parole/reparole and his CPV recommitment*, and may not forfeit street time credited to a parolee in a *prior parole period*).[12]

Here, Kazickas was paroled on January 13, 2014. *See* C.R. at 8. By decision rendered June 1, 2016 (mailed June 8, 2016), the Board recommitted Kazickas as a TPV and granted him street time credit, as Section 6138(b)(2) of the Parole Code mandates. By determination made December 27, 2016 (mailed February 21, 2017), the Board modified its decision to recommit Kazickas as a TPV rendered June 1, 2016 (mailed June 8, 2016) by also recommitting Kazickas as a CPV and directing him to serve the remainder of his sentence, as Section 6138(a)(2) of the Parole Code allows. Kazickas committed the technical and criminal parole violations at issue in this appeal in the *same* parole period. Because the criminal conduct that led to Kazickas' CPV recommitment occurred during the same parole period as the violation that led to his TPV recommitment, *Penjuke* does not control in this case.

Moreover, the Board was authorized to and did make Kazickas' September 1, 2016 maximum sentence release date "SUBJECT TO CHANGE IF [HE WAS] CONVICTED OF [THOSE] PENDING CRIMINAL CHARGES." C.R. at 54; *see also* C.R. at 55-57. Therefore, despite that Kazickas served his TPV recommitment first in time, and he reached what was, at that time, his maximum sentence date, the Board did not improperly revoke street time credit granted in a *prior* parole period. Rather, as it was authorized to do, the Board ordered that Kazickas forfeit the time he spent at liberty on parole in good standing between his *most recent parole* (i.e., January 13, 2014) and his CPV recommitment.

---

[12] This Court acknowledges that its unreported memorandum opinions may only be cited "for [their] persuasive value, but not as binding precedent." Section 414(a) of the Commonwealth Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a).

12

Based on the foregoing, the Board's January 30, 2019 order is affirmed.

_____
ANNE E. COVEY, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Cole J. Kazickas,             :
          Petitioner     :
                       :
        v.               :
                       :
Pennsylvania Board      :
of Probation and Parole,  :     No. 214 C.D. 2019
          Respondent   :

## O R D E R

AND NOW, this 7th day of February, 2020, the Pennsylvania Board of Probation and Parole's January 30, 2019 order is affirmed.

_____
ANNE E. COVEY, Judge