# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Gregory W. Jewell, : 
                     Petitioner : 
                           : 
            v. : No. 488 M.D. 2022
                           : Submitted: May 12, 2023
Secretary George Little and Ashley : 
Weber, Population Management : 
Director of Inmate Records, : 
                 Respondents : 

**BEFORE:**     **HONORABLE RENÉE COHN JUBELIRER,** President Judge
                    **HONORABLE CHRISTINE FIZZANO CANNON,** Judge
                    **HONORABLE LORI A. DUMAS,** Judge

**OPINION NOT REPORTED**

**MEMORANDUM OPINION BY**
**PRESIDENT JUDGE COHN JUBELIRER**      **FILED: August 16, 2023**

Before the Court is a Preliminary Objection (PO) filed by Secretary George Little and Ashley Weber, Population Management Director of Inmate Records (together, Respondents), to the Petition for Review/Writ of Mandamus (Petition) filed by Gregory W. Jewell (Jewell) in this Court's original jurisdiction. In his pro se Petition, Jewell, an inmate within the Department of Corrections (Department), challenges Respondents' calculation of Jewell's sentences. Specifically, Jewell maintains the sentences were to be served concurrently, but Respondents are requiring him to serve them consecutively. For the reasons that follow, we sustain the PO and dismiss Jewell's Petition.

As a preliminary matter, when ruling on preliminary objections, the Court must accept all well-pleaded factual allegations as true, along with any inferences reasonably deduced therefrom. *Neely v. Dep't of Corr.*, 838 A.2d 16, 19 n.4 (Pa. Cmwlth. 2003). The Court is not bound, however, "by legal conclusions, unwarranted inferences from facts, argumentative allegations, or expressions of opinion encompassed in the petition for review." *Williams v. Wetzel*, 178 A.3d 920, 923 (Pa. Cmwlth. 2018). Preliminary objections should not be sustained unless it "appear[s] with certainty that the law will not permit recovery and any doubt should be resolved by a refusal to sustain them." *Neely*, 838 A.2d at 19 n.4.

With this standard in mind, we consider the facts as alleged by Jewell. In his Petition, Jewell avers he was sentenced on September 7, 2021, at docket number 2820-2019 to 24 to 48 months in Cumberland County to be served concurrently with any other sentence he may receive.[1] (Petition ¶ 4.) Jewell alleges he was sentenced on October 26, 2021, at docket number 5229-2020 to two to four years in Bucks County, to be served concurrent with the Cumberland County sentence at docket number 2820-2019. (*Id.* ¶ 5.) Then, Jewell alleges he received a five-year probation sentence on July 15, 2022, to be served concurrently with the previous Cumberland County sentence. (*Id.* ¶ 6.) Despite the concurrent sentences, Jewell maintains Respondents treated the sentences as consecutive for purposes of calculating parole. (*Id.* ¶ 7.) Jewell avers only the sentencing court has the authority to aggregate sentences. (*Id.* ¶ 8.) Thus, according to Jewell, Respondents, as part of an executive agency, are violating separation of power principles by infringing upon the judiciary's authority. (*Id.* ¶ 9.) Further, Jewell asserts he has a due process right to have his sentence accurately recorded, which is Respondents' duty to fulfill. (*Id.*

---

[1] Jewell attaches copies of the sentencing orders to his Petition.

2

¶ 11.) He requests the Court issue a writ directing Respondents to correct its procedure and declare Respondents violated his due process rights in bad faith. (*Id.* at 3, Prayer for Relief.)

Respondents filed a PO in the nature of a demurrer. Therein, Respondents assert Jewell has not established he is entitled to relief related to the calculation of his sentences. Specifically, Respondents argue that because Jewell is currently serving a sentence for a state parole violation, the sentences Jewell claims should run concurrently with that sentence (docket numbers 2820-2019 and 5229-2020), must be served consecutively, as a matter of law. (PO ¶ 19 (citing Section 6138(a)(5) of the Prisons and Parole Code (Parole Code), 61 Pa.C.S. § 6138(a)(5)).) Thus, because those sentences are what led to Jewell being recommitted as a convicted parole violator, they are properly classified as detainers, and the Court cannot order the Department to recalculate them as concurrent with his backtime, as that would be contrary to law and would compel the Department to perform an illegal act. (*Id.* ¶¶ 20-21.) Respondents also assert that the sentences imposed at docket numbers 2820-2019 and 5229-2020 cannot run concurrently with the sentences he is serving at docket numbers 3137-2021 or 1029-2020 as the sentences at the former two dockets are not sentences for which Jewell was recommitted as a parole violator; thus, the Department correctly determined these sentences are to run concurrently with Jewell's backtime. (*Id.* ¶ 22.) To their PO, Respondents attach a copy of Jewell's "Sentence Status Summary," which they contend the Court may consider since Jewell referenced "inmate records" allegedly showing his sentences were improperly calculated. (PO at 5 n.1 (citing cases permitting courts to consider documents attached to POs by defendants/respondents).) Respondents stated that upon completion of Jewell's backtime, the sentences at docket numbers 2820-2019

3

and 5229-2020 will run concurrently with one another, and a sentence imposed at docket number 3137-2021.[2] (*Id.* ¶ 23.) Because Jewell fails to meet the requirements for the issuance of a writ of mandamus, Respondents ask the Court to sustain their PO and dismiss the Petition.[3]

"Mandamus is an extraordinary writ that will only lie to compel official performance of a ministerial act or mandatory duty where there is a clear legal right in the [petitioner], a corresponding duty in the [respondent], and want of any other appropriate or adequate remedy." *Chanceford Aviation Props., L.L.P. v. Chanceford Twp. Bd. of Supervisors*, 923 A.2d 1099, 1107-08 (Pa. 2007) (quotation omitted). Mandamus is not used to establish legal rights, but to enforce rights that are "already established beyond peradventure." *Lawrence v. Pa. Dep't of Corr.*, 941 A.2d 70, 72 (Pa. Cmwlth. 2007). Mandamus will not lie to "direct the exercise of judgment or discretion in a particular way, or to direct the retraction or reversal of an action already taken." *Chanceford Aviation Props.*, 923 A.2d at 1108. Mandamus may be used "to compel a tribunal or administrative agency to act when that tribunal or agency has been 'sitting on its hands.'" *Id.*

While the Court may compel the Department to properly compute an inmate's sentence, *Saunders v. Pennsylvania Department of Corrections*, 749 A.2d 553, 556 (Pa. Cmwlth. 2000), it cannot order the Department to perform an illegal act, such

---

[2] Respondents ask the Court to take judicial notice of the public docket in docket number 3137-2021, but Jewell, in his Answer to the PO, attaches a copy of the Sentencing Sheet, reflecting he was sentenced on March 7, 2022, to 18 to 48 months concurrent to the York, Cumberland, and Bucks County sentences.

[3] In his brief, Jewell asserts PACFile, the Court's electronic filing system, violates his rights, and Respondents failed to respond to the "new matter" he pled in his answer to the PO. Jewell subsequently filed a motion for summary judgment based upon alleged non-receipt of Respondents' Brief, which the Court dismissed as moot after Respondents re-served their Brief. (*See* March 6, 2023 Order.)

4

as calculating a sentence contrary to law. *See Detar v. Beard*, 898 A.2d 26, 29 (Pa. Cmwlth. 2006) ("No one . . . has a right, and this Court, indeed, lacks the authority to compel an illegal act.") (citation omitted).

Section 6138(a) of the Parole Code provides that a parolee who commits a crime punishable by imprisonment for which the parolee is convicted may be recommitted as a parole violator. 61 Pa.C.S. § 6138(a). In the event parole is revoked, the parolee "shall be recommitted to serve the remainder of the term which the [parolee] would have been compelled to serve had the parole not been granted and . . . shall be given no credit for the time at liberty on parole," unless certain exceptions apply. 61 Pa.C.S. § 6138(a)(2). Further, Section 6138(a)(5)(i) provides:

> If a new sentence is imposed on the offender, the service of the balance of the term originally imposed by a Pennsylvania court shall precede the commencement of the new term imposed . . . [i]f a person is paroled from a State correctional institution and the new sentence imposed on the person is to be served in the State correctional institution.

61 Pa.C.S. § 6138(a)(5)(i). The backtime and new sentence must be served consecutively, notwithstanding any plea agreement or sentencing order directing the sentences to run concurrently. *Palmer v. Pa. Bd. of Prob. & Parole*, 134 A.3d 160, 165 (Pa. Cmwlth. 2016); *Wilson v. Pa. Bd. of Prob. & Parole*, 124 A.3d 767, 769 (Pa. Cmwlth. 2015).

Here, in 2021, Jewell was recommitted as a convicted parole violator on numerous old charges and, therefore, he owed backtime. (Sentence Status Summary at 10.) He was detained on the charges from docket number 5229-2020 in Bucks County and docket number 2820-2019 in Cumberland County. (*Id.* at 12.) Thus, under the law, those sentences cannot be served concurrently with Jewell's backtime. 61 Pa.C.S. § 6138(a)(5)(i). This case is factually similar to *Masker v.*

5

*Pennsylvania Department of Corrections* (Pa. Cmwlth., No. 243 M.D. 2020, filed January 25, 2022), and *Crew v. Department of Corrections* (Pa. Cmwlth., No. 7 M.D. 2011, filed January 19, 2012),[4] in both of which we sustained a PO and dismissed a petition for writ of mandamus that likewise challenged the calculation of a sentence involving a parole violation.  Because Jewell fails to state a claim for mandamus relief, we sustain Respondents' PO in the nature of a demurrer and dismiss Jewell's Petition.

_____

**RENÉE COHN JUBELIRER,** President Judge

---

[4] Unreported panel decisions of this Court may be cited for their persuasive value pursuant to Rule 126(b)(1) of the Pennsylvania Rules of Appellate Procedure, Pa.R.A.P 126(b)(1), and Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a).

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Gregory W. Jewell,                              :
                             Petitioner   :
                                              :
                          v.                :    No. 488 M.D. 2022
                                                :
Secretary George Little and Ashley            :
Weber, Population Management                   :
Director of Inmate Records,                    :
                        Respondents   :

# O R D E R

**NOW**, August 16, 2023, the Preliminary Objection filed by Respondents Secretary George Little and Ashley Weber, Population Management Director of Inmate Records is **SUSTAINED**, and the Petition for Review/Writ of Mandamus filed by Petitioner Gregory W. Jewell is **DISMISSED**.

_____
**RENÉE COHN JUBELIRER,** President Judge