# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kevin Charles Martin, : 
             Petitioner : 
      : 
      v. : 
      : 
Pennsylvania Board of : 
Probation and Parole, :   No. 1454 C.D. 2019
         Respondent :   Submitted: July 24, 2020

BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
           HONORABLE ANNE E. COVEY, Judge
           HONORABLE J. ANDREW CROMPTON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                 FILED: August 26, 2020

Kevin Charles Martin (Martin) petitions this Court for review of the Pennsylvania Board of Probation and Parole's[1] (Board) September 6, 2019 order denying his request for administrative relief. Martin is represented in this matter by Mercer County Public Defender Lowell T. Williams, Esquire (Counsel), who has filed an Application to Withdraw Appearance (Application) and submitted a no-merit letter (No-Merit Letter) in support thereof. After review, we grant Counsel's Application and affirm the Board's order.

Martin is an inmate at the State Correctional Institution (SCI) at Mercer. On April 6, 2016, Martin was reparoled from his 2-year, 6-month to 6-year, 8-month sentence for burglary (Original Sentence). *See* Certified Record (C.R.) at 72. At that time, Martin's Original Sentence maximum release date (Maximum Release Date) was March 6, 2019. *See* C.R. at 70. Thus, he had 2 years and 11 months (i.e., 1,064 days)

---

[1] Subsequent to the filing of the petition for review, the Pennsylvania Board of Probation and Parole was renamed the Pennsylvania Parole Board. *See* Sections 15, 16, and 16.1 of the Act of December 18, 2019, P.L. 776, No. 115 (effective February 18, 2020); *see also* Sections 6101 and 6111(a) of the Prisons and Parole Code (Parole Code), *as amended*, 61 Pa.C.S. §§ 6101, 6111(a).

remaining on his Original Sentence. *See* C.R. at 151. Martin agreed to conditions governing his parole (Parole Conditions), including:

> If you are arrested on new criminal charges, the Board has the authority to lodge a detainer against you which will prevent your release from custody, pending disposition of those charges, even though you may have posted bail or been released on your own recognizance from those charges.
>
> . . . .
>
> If you are convicted of a crime committed while on parole/reparole, the Board has the authority, after an appropriate hearing, to recommit you to serve the balance of the sentence or sentences which you were serving when paroled/reparoled, with no credit for time at liberty on parole.

C.R. at 73. Martin did not object to these Parole Conditions.

On August 29, 2016, the Uniontown Police Department arrested and charged Martin with burglary, theft by unlawful taking, receiving stolen property and criminal mischief related to an incident that occurred on July 31, 2016 at 12:46 a.m. (August 2016 Charges). *See* C.R. at 79-85, 105-111. The Board lodged a warrant to commit and detain Martin that same day. *See* C.R. at 86. Martin did not post bail, and he was held in the Green County Prison. *See* C.R. at 94, 105-106.

On September 30, 2016, the Pennsylvania State Police filed a criminal complaint against Martin for burglary, theft by unlawful taking, receiving stolen property and criminal mischief related to an incident that occurred on July 31, 2016 at 12:32 a.m. (September 2016 Charges) (August 2016 Charges and September 2016 Charges collectively, New Charges). *See* C.R. at 90-94, 99-104.

On February 6, 2017, Martin pled guilty to the New Charges. *See* C.R. at 101, 107. On March 16, 2017, Martin was sentenced to, *inter alia*, 2 to 4 years in an SCI relative to the August 2016 Charges. *See* C.R. at 97-98. On that same date, Martin

was sentenced to, *inter alia*, 2 to 4 years in an SCI relative to the September 2016 Charges, to be served concurrently with the August 2016 Charges. *See* C.R. at 95-96.

On April 12, 2017, the Board served Martin with a notice of charges and hearing based on his conviction of the New Charges. *See* C.R. at 112-116. That same day, Martin admitted to being convicted of the New Charges and waived his right to counsel and a hearing. *See* C.R. at 117-119. On April 24, 2017, the second panel member voted to recommit Martin as a convicted parole violator (CPV) to serve his unexpired term.[2] *See* C.R. at 124, 129. The Board denied Martin credit for the time he spent at liberty on parole, due to his poor parole history, multiple abscondings, identical convictions and because he was on parole for only 4 months when he was arrested on the New Charges. *See* C.R. at 123, 129. On June 13, 2017, Martin was moved to SCI-Pine Grove. *See* C.R. at 130. By decision recorded June 28, 2017 (mailed July 10, 2017), the Board formally recommitted Martin as a CPV to serve his unexpired term of 2 years, 11 months (i.e., 1,064 days). *See* C.R. at 151-154. The Board recalculated Martin's Maximum Release Date to March 23, 2020. *See* C.R. at 154.

On August 10, 2017, Martin submitted an Administrative Remedies Form challenging the Board's June 28, 2017 decision (mailed July 10, 2017), stating:

> At this time, I request the [] Board to reconsider [its] decision and give me a review date instead of maxing me out, [] I would like to better myself and not be a risk to the community, [] maxing me out will not help me with my

---

[2] Section 6113(b) of the Parole Code states, in relevant part: "The [B]oard may make decisions on . . . revocation in panels of two persons. A panel shall consist of one board member and one hearing examiner or of two board members." 61 Pa.C.S. § 6113(b). "[T]he date that the revocation and recommitment [h]earing [r]eport was signed by the second panel member thereby effectively revok[ed] [Martin's] parole . . . ." *Wilson v. Pa. Bd. of Prob. & Parole*, 124 A.3d 767, 769 n.3 (Pa. Cmwlth. 2015).

problems so I hope you will at least let me try to better myself and not just give up on me.[3]

C.R. at 155. By May 17, 2019 letter, Martin requested the status of his appeal.[4] *See* C.R. at 157-158.

On September 6, 2019, the Board denied Martin's request for administrative relief on the following basis:

> The Board regulation authorizing administrative appeals/petitions for administrative review states that appeals/petitions must 'present with accuracy, brevity, clearness and specificity whatever is essential to a ready and adequate understanding of the factual and legal points requiring consideration.' 37 Pa. Code § 73.1. Your request for relief does not indicate that the Board made any actual evidentiary, procedural, or calculation errors in revoking your parole. The only thing you request from the Board is a general plea for leniency. A general plea for leniency does not qualify as a request for relief under the regulation. Therefore, your request for relief must be dismissed for failure to present adequate factual and legal points for consideration against the Board.
>
> To the extent you are challenging the recommitment term imposed by the Board, the Board recommitted you to serve your unexpired term of 2 years, 11 months for the offenses in question. The presumptive ranges assigned to these offenses are as follows, based on [Sections 75.1 and 75.2 of the Board's Regulations,] 37 Pa. Code §§ 75.1-75.2:
>
> • Burglary, 2 counts (F2) = 15 to 24 months for each count

---

[3] Martin also checked the "Reason(s) for Appeal" box: "Recommitment Challenge (Time/term given by Board . . .)." C.R. at 155.

[4] On August 13, 2019, Martin filed a Petition for Writ of Mandamus in this Court's original jurisdiction, asking the Court to direct the Board to respond to his appeal, because an excessive and unreasonable amount of time had passed since he filed it. *See Martin v. Pa. Bd. of Prob. & Parole* (Pa. Cmwlth. No. 466 M.D. 2019). On September 6, 2019, the Board filed an application to dismiss the matter as moot, in light of the Board's September 6, 2019 response to Martin's appeal. This Court granted the Board's application and dismissed the matter as moot on September 26, 2019.

• Theft by Unlawful Taking, 2 counts (Ml) = 6 to 12 months for each count

• Receiving Stolen Property, 2 counts (Ml) = 6 to 12 months for each count

• Criminal Mischief - Damage Property (M3) = 1 to 3 months

Adding these terms together gave the Board a maximum term of 99 months [(i.e., 8.25 years)]. 37 Pa. Code § 75.2. Therefore, the decision for you to serve 2 years, 11 months, falls within the presumptive range and is not subject to challenge.

C.R. at 159; *see also* C.R. at 160-161. Martin pro se timely appealed to this Court.[5] By October 22, 2019 Order, this Court appointed Counsel to represent Martin.

On December 26, 2019, Counsel filed the Application and No-Merit Letter. Despite his representation by counsel, Martin filed a pro se brief. On June 11, 2020, the Board filed a request to stay the filing of its brief until the Court ruled on the Application. On June 16, 2020, this Court stayed the Board's obligation to file a brief pending the Court's disposition of the Application.

This Court has held that in order to withdraw, "counsel . . . must provide a 'no-merit' letter which details 'the nature and extent of [counsel's] review and list[s] each issue the petitioner wishe[s] to have raised, with counsel's explanation of why those issues are meritless.'" *Zerby v. Shanon*, 964 A.2d 956, 961 (Pa. Cmwlth. 2009) (quoting *Commonwealth v. Turner*, 544 A.2d 927, 928 (Pa. 1988)). "[C]ounsel must fully comply with the procedures outlined in *Turner* to ensure that each of the petitioner's claims has been considered and that counsel has [] substantive reason[s]

---

[5] "Our scope of review of the Board's decision denying administrative relief is limited to determining whether necessary findings of fact are supported by substantial evidence, an error of law was committed, or constitutional rights have been violated." *Kazickas v. Pa. Bd. of Prob. & Parole*, 226 A.3d 109, 115 n.9 (Pa. Cmwlth. 2020) (quoting *Fisher v. Pa. Bd. of Prob. & Parole*, 62 A.3d 1073, 1075 n.1 (Pa. Cmwlth. 2013)).

for concluding that those claims are meritless." *Hont v. Pa. Bd. of Prob. & Parole*, 680 A.2d 47, 48 (Pa. Cmwlth. 1996). Counsel is also required to "notify the parolee of his request to withdraw, furnish the parolee with [] a copy of . . . [the] no-merit letter satisfying the requirements of *Turner*, and inform the parolee of his right to retain new counsel or submit a brief on his own behalf." *Reavis v. Pa. Bd. of Prob. & Parole*, 909 A.2d 28, 33 (Pa. Cmwlth. 2006). This Court must then "conduct its own independent review of the petition to withdraw and must concur in counsel's assessment before [it] may grant counsel leave to withdraw." *Hont*, 680 A.2d at 48.

In reviewing Counsel's No-Merit Letter, this Court notes that it contains the procedural history of Martin's appeal, as well as Counsel's review of the record and relevant statutes and case law. The No-Merit Letter states the issues Martin raises on appeal and sets forth Counsel's analysis of the issues and why they are meritless. Counsel served Martin with a copy of the No-Merit Letter and his Application, and notified Martin that he may either obtain substitute counsel or file a brief on his own behalf.

In particular, the No-Merit Letter explains that, based on the totality of the matters Martin raised in the petition for review[6] and Counsel's conversations with him,

---

[6] In his petition for review, Martin asks the Court to reinstate his Original Sentence release date and "apply all necessary credit." Petition for Review at 4. Martin claims that the Board's order requiring him to serve an extended period of time in prison violates the cruel and unusual punishment and double jeopardy clauses in the United States and Pennsylvania Constitutions. *See* Petition for Review ¶ 9. He also contends that the Board's extension of his maximum sentence release date without a hearing violated his constitutional right to due process. *See* Petition for Review ¶ 10. Although Martin acknowledged that the Board is authorized to determine the sanctions for his New Charges, Martin asserts that only the courts are statutorily authorized to declare when his sentence ends. *See* Petition for Review ¶¶ 10, 12, 13, 15. In addition, Martin argues that, since the Board lacks the authority under Section 6137 of the Parole Code, 61 Pa.C.S. § 6137 (relating to the Board's parole power) to create contracts with prisoners, it was unlawful for the Board to rely on his breach of his parole conditions to extend his maximum sentence beyond the judicially imposed maximum date. *See* Petition for Review ¶ 11. Finally, Martin claims that the Board may only recommit Martin to serve the remainder of his judicially imposed sentence. *See* Petition for Review ¶ 14.

Martin presented the following issues: (1) the Board erred by recalculating his Maximum Release Date to March 23, 2020; (2) since the Board lacks the authority under Section 6137 of the Prisons and Parole Code (Parole Code), 61 Pa.C.S. § 6137 (relating to the Board's parole power), to create contracts with prisoners, the Board unlawfully relied on his breach of his Parole Conditions to extend his maximum sentence beyond the judicially imposed maximum date; (3) the Board's extension of his Maximum Release Date beyond his Original Sentence violates the cruel and unusual punishment and double jeopardy clauses in the United States and Pennsylvania Constitutions; and (4) the Board violated his constitutional due process rights by extending his Maximum Release Date without a hearing.

Counsel explained in the No-Merit Letter that: because Martin is a CPV, the Board was authorized to and did properly recalculate his Maximum Release Date without giving him credit for the time he spent at liberty on parole; and Martin failed to state valid claims that his recommitment violated the cruel and unusual punishment, double jeopardy and due process clauses in the United States and Pennsylvania Constitutions, and an unlawful contract claim under Section 6137 of the Parole Code. Accordingly, this Court concludes that Counsel complied with *Turner's* technical requirements and will now independently review the merits of Martin's appeal to determine whether to grant or deny Counsel's Application.

Relative to Martin's recalculated Maximum Release Date, Section 6138(a) of the Parole Code specifies, in relevant part:

> (1) A parolee under the jurisdiction of the [B]oard released from a correctional facility who, during the period of parole or while delinquent on parole, commits a crime punishable by imprisonment, for which the parolee is convicted or found guilty by a judge or jury or to which the parolee pleads guilty or nolo contendere at any time thereafter in a court of record, may at the discretion of the [B]oard be recommitted as a parole violator.

7

. . . .

(2) If the parolee's recommitment is so ordered, the parolee shall be reentered to serve the remainder of the term which the parolee would have been compelled to serve had the parole not been granted and, except as provided under paragraph (2.1), shall be given no credit for the time at liberty on parole.

(2.1) The [B]oard may, in its discretion, award credit to a parolee recommitted under paragraph (2) for the time spent at liberty on parole, unless any of the following apply:[7]

(i) The crime committed during the period of parole or while delinquent on parole is a crime of violence as defined in [Section 9714(g) of the Sentencing Code,] 42 Pa.C.S. § 9714(g) (relating to sentences for second and subsequent offenses) or a crime requiring registration under 42 Pa.C.S. Ch. 97 Subch. H (relating to registration of sexual offenders).

(ii) The parolee was recommitted under [S]ection 6143 [of the Parole Code, 61 Pa.C.S. § 6143] (relating to early parole of inmates subject to [f]ederal removal order).

. . . .

(5) If a new sentence is imposed on the parolee, the service of the balance of the term originally imposed by a Pennsylvania court shall precede the commencement of the new term imposed in the following cases:

(i) If a person is paroled from a[n SCI] and the new sentence imposed on the person is to be served in the [SCI].

61 Pa.C.S. § 6138(a).

---

[7] Section 9714(g) of the Sentencing Code includes burglary charged under Section 3502(a)(1) of the Crimes Code, 18 Pa.C.S. § 3502(a)(1) (relating to burglary of a building or occupied structure adapted for overnight accommodations); however, Martin's burglary charge was for violating Section 3502(a)(4) of the Crimes Code, 18 Pa.C.S. § 3502(a)(4) (relating to burglary of a building or occupied structure not adapted for overnight accommodations). Because Martin was not recommitted for reasons enumerated in Section 6138(a)(2.1)(i) and (ii) of the Parole Code, the Board had the discretion to award Martin credit for time he spent at liberty on parole if it so desired.

This Court acknowledges that "the Board does not have the power to alter a judicially[ ]imposed sentence." *Yates v. Pa. Bd. of Prob. & Parole*, 48 A.3d 496, 502 (Pa. Cmwlth. 2012) (quoting *Savage v. Pa. Bd. of Prob. & Parole*, 761 A.2d 643, 645 (Pa. Cmwlth. 2000)). However, the Board did not extend Martin's judicially imposed sentence but, as the law and his Parole Conditions provided, returned him to prison to serve his Original Sentence as if he was never paroled.

This Court has explained:

> A 'sentence' has been defined as the judgment formally pronounced by the court upon a defendant who has been convicted in a *criminal* prosecution which awards the punishment to be inflicted. By comparison, 'backtime' is merely that part of an *existing* judicially[ ]imposed sentence which the Board directs a parolee to complete following a finding after a *civil* administrative hearing that the parolee violated the terms and conditions of parole, which time must be served before the parolee may again be eligible to be considered for a grant of parole. We have previously held that the Board's imposition of backtime is not a sentence on the parole violation nor analogous to a sentence.

*Krantz v. Pa. Bd. of Prob. & Parole*, 483 A.2d 1044, 1047-48 (Pa. Cmwlth. 1984) (citations omitted). Therefore, although backtime may change a parolee's maximum incarceration date, the denial of credit for the time spent at liberty on parole is not an extension of a sentence. Accordingly, the Pennsylvania Supreme Court has specifically held that the Board's authority to extend maximum term expiration dates under such circumstances does not usurp the courts' sentencing functions, or violate a parolee's due process rights.[8] *Gaito v. Pa. Bd. of Prob. & Parole*, 412 A.2d 568 (Pa. 1980).

---

[8] In particular, Pennsylvania courts have concluded that a Board order requiring a CPV to serve the remainder of his original sentence without credit for time spent in good standing at liberty on parole does not violate the cruel and unusual punishment, double jeopardy and due process clauses in the United States and Pennsylvania Constitutions. *See Gaito v. Pa. Bd. of Prob. & Parole*, 412 A.2d 568 (Pa. 1980); *Young v. Pa. Bd. of Prob. & Parole*, 409 A.2d 843 (Pa. 1979); *Evans v. Pa. Bd.*

The General Assembly has also authorized the Board to impose general and special parole conditions. *See* Section 6141 of the Parole Code, 61 Pa.C.S. § 6141 ("The [B]oard may make general rules for the conduct and supervision of persons placed on parole and may, in particular cases, as it deems necessary to effectuate the purpose of parole, prescribe special regulations for particular persons."); *see also* Sections 63.4-63.5, 65.4-65.6, 67.1-67.3 of the Board's Regulations, 37 Pa. Code §§ 63.4-63.5, 65.4-65.6, 67.1-67.3. This Court has explained:

> The essence of parole is release from prison, before the completion of [the] sentence, on the condition that the prisoner abide by certain rules during the balance of the sentence. Parolees are in a position different from the general population because they are still subject to an extant term of imprisonment and are the focus of society's rehabilitative efforts. Accordingly, parolees are subjected to certain conditions which restrict their activities substantially beyond the ordinary restrictions imposed by law on private citizens. Although the offender's freedom may be substantially restricted, the [Board] is vested with broad powers to fashion appropriate conditions of parole where they are intended to effectuate his rehabilitation and reintegration into society as a law-abiding citizen.

*Hubler v. Pa. Bd. of Prob. & Parole*, 971 A.2d 535, 537 (Pa. Cmwlth. 2009) (quoting *Lee v. Pa. Bd. of Prob. & Parole*, 885 A.2d 634, 638 (Pa. Cmwlth. 2005) (citations and quotation marks omitted)). Accordingly, by signing the Parole Conditions, Martin did not enter into an illegal contract but, rather, acknowledged he was on notice of the Board's authority to lodge a detainer against him if he was arrested on new criminal charges, and "to recommit [him] to serve the balance of [his] sentence . . . with no

*of Prob. & Parole* (Pa. Cmwlth. No. 1005 C.D. 2017, filed April 2, 2018); *Monroe v. Pa. Bd. of Prob. & Parole*, 555 A.2d 295 (Pa. Cmwlth. 1989).

This Court acknowledges that its unreported memorandum opinions may only be cited "for [their] persuasive value, but not as binding precedent." Section 414(a) of the Commonwealth Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a). Accordingly, the unreported cases herein are cited for their persuasive value.

credit for time at liberty on parole" in the event he was convicted of a new crime. C.R. at 73; *see also Jones v. Pa. Bd. of Prob. & Parole* (Pa. Cmwlth. No. 1149 C.D. 2015, filed February 28, 2017).

Moreover, "[t]he amount of backtime imposed for parole violations is left to the exclusive discretion of the Board." *Krantz*, 483 A.2d at 1048. Section 75.1(a) of the Board's Regulations states: "Presumptive ranges of parole backtime to be served will be utilized if a parolee is convicted of a new criminal offense while on parole and the Board orders recommitment as a [CPV] after the appropriate revocation hearing." 37 Pa. Code § 75.1(a). "The presumptive ranges . . . structure [the Board's] discretion . . . ." *Krantz*, 483 A.2d at 1048. "Our Supreme Court has held that '[a]s long as the period of recommitment is within the presumptive range for the violation, the Commonwealth Court will not entertain challenges to the propriety of the term of recommitment.'" *Fisher v. Pa. Bd. of Prob. & Parole*, 62 A.3d 1073, 1077 (Pa. Cmwlth. 2013) (quoting *Smith v. Pa. Bd. of Prob. & Parole*, 574 A.2d 558, 560 (Pa. 1990)).

Section 75.2 of the Board's Regulations specifies that the presumptive range for burglary is 15 to 24 months for each count. *See* 37 Pa. Code § 75.2. Because Martin was convicted of 2 counts of burglary, the Board could have recommitted Martin between 30 and 48 months based on the burglary convictions alone. Under Section 75.2 of the Board's Regulations, the Board was authorized to recommit Martin between 6 to 12 months for each count of theft by deception and receiving stolen property. *See* 37 Pa. Code § 75.2. Because he was convicted of 2 counts of each, the Board could have recommitted Martin for 24 to 48 months based on those convictions. Under Section 75.2 of the Board's Regulations, the Board could have recommitted Martin for 1 to 3 months for his criminal mischief conviction. *See* 37 Pa. Code § 75.2. Thus, the total presumptive range maximum was 8 years and 3 months. Because Martin

had only 2 years and 11 months remaining on his Original Sentence, the Board properly recommitted him to serve the remainder of his judicially imposed sentence. "Accordingly, the Board properly imposed a period of backtime within the maximum presumptive range." *Fisher*, 62 A.3d at 1077.

Finally,

> where the Board . . . recommits a [CPV] to serve the balance of an original sentence before beginning service of a new term, the prisoner's service of backtime on the original sentence must be computed from the date the Board revokes the prisoner's parole. The Court further noted in *Campbell* [*v. Pennsylvania Board of Probation & Parole*, 409 A.2d 980 (Pa. Cmwlth. 1980)], that the time served by the prisoner prior to the date parole is revoked must be applied to the new sentence.

*Wilson v. Pa. Bd. of Prob. & Parole*, 124 A.3d 767, 770 (Pa. Cmwlth. 2015) (quoting *Hill v. Pa. Bd. of Prob. & Parole*, 683 A.2d 699, 701-02 (Pa. Cmwlth. 1996)).

Here, Martin had 2 years and 11 months (i.e., 1,064 days) remaining on his Original Sentence when he was reparoled on April 6, 2016, subject to the Parole Conditions. He pled guilty to the New Charges. That same day, the Board notified Martin of its intention to schedule a hearing to revoke his parole based on his conviction of the New Charges. Martin admitted to the New Charges and waived his right to a revocation hearing, acknowledging that he did so "[w]ith full knowledge and understanding of these rights, I hereby waive my right to a parole revocation hearing and counsel at that hearing. I waive these rights of my own free will, without any promise, threat or coercion." C.R. at 112-119. Martin had 10 days to withdraw his waiver, but he did not. *See* C.R. at 119. Therefore, the Board did not violate Martin's constitutional right to due process by extending his Maximum Release Date without a hearing, and the Board did not abuse its discretion by ordering Martin to serve the balance of his Original Sentence.

The Board officially revoked Martin's parole on April 24, 2017, the date on which the second Board member voted to accept Martin's admission and recommit him as a CPV. Accordingly, the Board properly recalculated the beginning date of Martin's backtime on his Original Sentence as April 24, 2017. By adding the 1,064 days remaining to be served on his Original Sentence to April 24, 2017, the Board properly recalculated Martin's new Maximum Release Date as March 23, 2020.[9] Based on the foregoing, "[Martin's] argument that the Board erred in extending his new maximum parole date beyond the maximum date of his [O]riginal [S]entence is meritless." *Hughes v. Pa. Bd. of Prob. & Parole*, 179 A.3d 117, 121 (Pa. Cmwlth. 2018).

Based on the foregoing, this Court concludes that Counsel complied with *Turner's* technical requirements and confirms, based upon an independent record review, that Martin's appeal lacks merit. For all of the above reasons, Counsel's Application is granted, and the Board's order is affirmed.

_____
ANNE E. COVEY, Judge

---

[9] Despite that Martin's Maximum Release Date has passed, he remains in custody at SCI Mercer (Inmate No. QC4143). *See Inmate Locator*, PA. DEP'T OF CORR., http://inmatelocator.cor.pa.gov (last visited August 25, 2020). Presumably, he is now serving the sentence on his New Charges.

Kevin Charles Martin,     :
     Petitioner   :
            :
    v.      :
            :
Pennsylvania Board of    :
Probation and Parole,    :  No. 1454 C.D. 2019
     Respondent :

## O R D E R

AND NOW, this 26th day of August, 2020, Mercer County Public Defender Lowell T. Williams, Esquire's Application to Withdraw Appearance is GRANTED, and the Pennsylvania Board of Probation and Parole's September 6, 2019 order is AFFIRMED.

_____
ANNE E. COVEY, Judge