IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jack Bailey, : 
                                             :
                        Petitioner           :
                                             :
            v.                               : No. 956 C.D. 2021
                                             : Submitted: June 17, 2022
Pennsylvania Parole Board,                   :
                                             :
                        Respondent           :


BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE STACY WALLACE, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                          FILED:  February 24, 2023


            Jack Bailey (Bailey) petitions for review from an order of the
Pennsylvania Parole Board (Board) that denied his request for administrative review
challenging the calculation of his parole violation maximum date.  Also before us is
a petition to withdraw as counsel filed by Bailey's appointed attorney, Dana E.
Greenspan, Esquire (Attorney Greenspan), because Bailey's appeal is without merit.
For the reasons that follow, we grant Attorney Greenspan's petition to withdraw as
counsel, and we affirm the Board's order.


                          **I. Background**

            In June 2016, Bailey pleaded guilty to aggravated assault and robbery
in Philadelphia County, and he was sentenced to a term of 3 years, 6 months to 10

years in prison. Certified Record (C.R.) at 1. In October 2016, Bailey pleaded guilty in Delaware County to retail theft and was sentenced to a term of 2 to 7 years. *Id.* at 1, 14. In addition, Bailey's probation was revoked based on retail theft, as well as resisting arrest and possession of drug paraphernalia, which carried an underlapping concurrent sentence of 1 year, 6 months to 6 years in prison. *Id.* at 3, 14.

On June 11, 2018, the Board released Bailey on parole. C.R. at 83. At the time, Bailey's original maximum sentence date was July 22, 2024, and Bailey owed 6 years, 1 month, and 11 days, which equals 2,233 days, on his original sentence, referred to as "backtime."

On June 20, 2019, while on parole, Bailey was arrested and charged with two counts of possession with intent to deliver (PWID), two counts of possession of a controlled substance, and two counts of possession of drug paraphernalia, for a total of six counts. C.R. at 21-23. That same day, the Board issued a warrant to commit and detain Bailey for parole violations. *Id.* at 13. Bailey waived his rights to representation of counsel and a detention hearing. *Id.* at 16.

The Delaware County Court of Common Pleas (sentencing court) set bail at ten percent of $500,000, which Bailey did not post. C.R. at 73. Bailey was confined at the Delaware County Prison pending disposition of the new criminal charges. *Id.* at 17.

On February 3, 2020, Bailey pleaded guilty to one count of PWID. C.R. at 78. The sentencing court sentenced Bailey to 3 to 6 years of confinement in a State Correctional Institution (SCI). C.R. at 41. The other charges were dismissed. *Id.* at 79.

On February 21, 2020, Bailey was transferred to SCI-Phoenix, pending parole violator status.[1] C.R. at 72. On March 16, 2020, the Board held a revocation hearing where Bailey waived his right to a panel hearing and his right to counsel, and participated in the hearing. *Id.* at 50-54. A hearing examiner issued a hearing report determining that Bailey should be recommitted as a convicted parole violator (CPV) to an SCI as a result of the new conviction. *Id.* at 63-69.

By revocation decision mailed June 19, 2020, the Board recommitted Bailey as a CPV to serve 18 months' backtime. C.R. at 85-86. The Board recalculated his new maximum sentence date to June 5, 2026, by adding 2,233 days of backtime owed to the "custody for return" date of April 24, 2020. *Id.* at 83. The Board did not award credit for time spent at liberty on parole, noting Bailey has a "history of supervision failure(s) in probation and/or parole that warrant denying his time at liberty on parole." *Id.* at 85; *see id.* at 66. The Board declared he would not be eligible for parole until October 24, 2021. *Id.* at 85.

Bailey, representing himself, requested administrative review of the Board's June 19, 2020, decision on the basis that the Board made errors in regard to time calculations. C.R. at 94. First, Bailey asserted that the Board miscalculated his maximum sentence date and did not properly account for time spent at liberty on parole from June 11, 2018, to June 20, 2019, or his time spent incarcerated on the Board's detainer pending disposition on the new criminal charges. *Id.* at 94-95. Second, Bailey claimed the Board erred by using April 24, 2020, as the custody for return date rather than the date of arrest of June 20, 2019. *Id.* at 94, 98. By decision

---

[1] From the time of his arrest, Bailey remained housed at the Delaware County Prison. Bailey was transferred to SCI-Phoenix on February 21, 2020, after pleading guilty to PWID on February 3, 2020.

mailed July 13, 2021, the Board denied Bailey's request for administrative review[2] upon determining that the Board did not err in its time calculations and affirmed its recommitment decision. *Id.* at 109-110.

From this decision, Attorney Greenspan filed a petition for review on Bailey's behalf asserting that the Board erred in recalculating Bailey's parole violation maximum date by failing to credit his original sentence with all the confinement time to which he was entitled. Thereafter, Attorney Greenspan filed a petition to withdraw as counsel along with a no-merit letter based on her belief that Bailey's appeal is without merit. This matter is now before us for disposition.[3]

## II. Petition to Withdraw

Counsel seeking to withdraw as appointed counsel must conduct a zealous review of the case and submit a no-merit letter to this Court detailing the nature and extent of counsel's diligent review of the case, listing the issues the petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw. *Commonwealth v. Turner*, 544 A.2d 927, 928 (Pa. 1988); *Hughes v. Pennsylvania Board of Probation and Parole*, 977 A.2d 19, 24-26 (Pa. Cmwlth. 2009) (*en banc*); *Zerby v. Shanon*, 964 A.2d 956, 960 (Pa. Cmwlth. 2009).[4] "A no-merit letter must include 'substantial reasons for concluding

---

[2] Bailey filed an "Administrative Remedies Form," which the Board treated as a petition for administrative review from the Board decision recorded June 9, 2020 (mailed June 19, 2020).

[3] Attorney Greenspan filed an application for leave to appeal *nun pro tunc*, which this Court granted by order dated December 10, 2021.

[4] Where there is a constitutional right to counsel, court-appointed counsel seeking to withdraw must submit a brief in accord with *Anders v. California*, 386 U.S. 738 (1967), referred to as an *Anders* brief, that (i) provides a summary of the procedural history and facts, with citations **(Footnote continued on next page…)**

4

that' a petitioner's arguments are meritless." *Zerby*, 964 A.2d at 962 (quoting *Jefferson v. Pennsylvania Board of Probation and Parole*, 705 A.2d 513, 514 (Pa. Cmwlth. 1998)).

In addition, court-appointed counsel who seeks to withdraw representation must: (1) notify the petitioner of the request to withdraw; (2) furnish the petitioner with a copy of a brief or no-merit letter; and (3) advise the petitioner of his right to retain new counsel or raise any new points that he might deem worthy of consideration. *Turner*, 544 A.2d at 928; *Hughes*, 977 A.2d at 22. If counsel satisfies these technical requirements, this Court must then conduct an independent review of the merits of the case. *Turner*, 544 A.2d at 928; *Hughes*, 977 A.2d at 25. If this Court determines the petitioner's claims are without merit, counsel will be permitted to withdraw, and the petitioner will be denied relief. *Turner*, 544 A.2d at 928; *Hughes*, 977 A.2d at 27.

Upon review, Attorney Greenspan's no-merit letter satisfies the technical requirements of *Turner*. Attorney Greenspan states that she conducted a conscientious and thorough review of the record, applicable statutes, and case law, as well as consultation and correspondence with Bailey. She sets forth the issues that Bailey raised in his petition for review, the Board miscalculated Bailey's maximum sentence date by not properly accounting for time spent at liberty on parole from June 11, 2018, to June 20, 2019, or his time spent incarcerated on the Board's detainer pending disposition on the new criminal charges, and by using

---

to the record, (ii) refers to anything in the record that counsel believes arguably supports the appeal; (iii) sets forth counsel's conclusion that the appeal is frivolous; and (iv) states counsel's reasons for concluding that the appeal is frivolous. *Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009); *Hughes*, 977 A.2d at 25-26. Where, as here, the petitioner has only a statutory, rather than a constitutional, right to counsel, appointed counsel may submit a no-merit letter instead of an *Anders* brief. *Id.*

April 24, 2020, as the custody for return date rather than the date of his arrest on June 20, 2019. Attorney Greenspan sets forth a procedural history of the case, provides a thorough analysis as to why these issues lack merit, and she cites applicable statutes, regulations, case law and the certified record in support.

Attorney Greenspan explains that the Board properly calculated Bailey's maximum date. Section 6138(a)(2) of the Prisons and Parole Code (Parole Code), 61 Pa. C.S. §6138(a)(2), provides that a parolee who is convicted of committing a crime while on parole may be recommitted to serve the unserved balance of his original maximum sentence and may be denied credit for "time at liberty on parole." Under Section 6138(a)(5)(i) of the Parole Code, 61 Pa. C.S. §6138(a)(5)(i), the parolee is required to serve the balance of his original state sentence before serving his new state sentence. When Bailey was originally paroled on June 11, 2018, his maximum sentence date was July 22, 2024, which meant that he still owed 2,233 days on his original sentence. C.R. at 8-9. Adding 2,233 days to the April 24, 2020 custody for return date yielded a recalculated maximum sentence date of June 5, 2026. Bailey is not entitled to credit for pre-sentence confinement against his original sentence because he did not post bail and the pre-sentence confinement time that he served from the date of arrest to sentencing was applicable to the new sentence. *Martin v. Pennsylvania Board of Probation and Parole*, 840 A.2d 299, 301 (Pa. 2003). Bailey is not entitled to receive credit towards his original sentence for the period he spent incarcerated immediately following his arrest but before the Board revoked his parole.

Second, Attorney Greenspan explains that the "custody for return" is the proper date for the calculation, not Bailey's date of arrest. The process for revoking parole was not completed until the Board ordered the recommitment. 61

6

Pa. C.S. §6138(a)(2). The requirement that Bailey serve his original sentence before beginning his new sentence can only be imposed upon the revocation of his parole. *Campbell v. Pennsylvania Board of Probation and Parole*, 409 A.2d 980, 981-82 (Pa. 1980).

Based on her review, Attorney Greenspan concludes that Bailey's appeal to this Court is without merit, and she requests permission for leave to withdraw. Attorney Greenspan provided Bailey with a copy of the no-merit letter and her request to withdraw. She advised Bailey of his right to retain new counsel or proceed by representing himself.[5] Because this Court is satisfied that Attorney Greenspan has discharged her responsibility in complying with the technical requirements to withdraw from representation, we shall conduct an independent review to determine whether Bailey's petition for review lacks merit.[6]

### III. Independent Review

First, Bailey claims that the Board miscalculated his new parole violation maximum date by failing to award credit to his original sentence to which he was entitled. More particularly, Bailey argues that the Board erred or abused its discretion by imposing 2,233 days of backtime owed, and by not awarding him credit for 373 days of street time or time spent in custody between his date of arrest and parole revocation.

Section 6138(a) of the Parole Code governs parole violations for convicted violators providing, in pertinent part:

---

[5] Bailey did not retain new counsel or file a brief in support of his petition for review.

[6] Our review is limited to determining whether constitutional rights were violated, whether the adjudication was in accordance with law, and whether necessary findings were supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. §704; *Miskovitch v. Pennsylvania Board of Probation and Parole*, 77 A.3d 66, 70 n.4 (Pa. Cmwlth. 2013).

(1) A parolee under the jurisdiction of the [B]oard released from a correctional facility who, during the period of parole . . . commits a crime punishable by imprisonment, . . . to which the parolee pleads guilty at any time thereafter in a court of record, may at the discretion of the [B]oard be recommitted as a parole violator.

(2) *If the parolee's recommitment is so ordered, the parolee shall be reentered to serve the remainder of the term which the parolee would have been compelled to serve had the parole not been granted* and, except as provided under paragraph (2.1), shall be given no credit for the time at liberty on parole.

(2.1) *The [B]oard may, in its discretion, award credit* to a parolee recommitted under paragraph (2) for the time spent at liberty on parole, unless any of the following apply:

(i) The crime committed during the period of parole or while delinquent on parole is a crime of violence as defined in 42 Pa. C.S. §9714(g) (relating to sentences for second and subsequent offenses) or a crime requiring registration under 42 Pa. C.S. Ch. 97 Subch. H. (relating to registration of sexual offenders).

(ii) The parolee was recommitted under section 6143 (relating to early parole of inmates subject to Federal removal order).

61 Pa. C.S. §6138(a) (emphasis added).

Section 6138(a)(2) of the Parole Code authorizes the Board to reenter CPVs into SCIs to serve the remainder of the term they would have been required to serve had they not been paroled, except as provided under subsection (2.1). 61 Pa. C.S. §6138(a)(2). Subsection (2.1) grants the Board discretion to award credit to a CPV recommitted to serve the remainder of his sentence, except when the CPV is recommitted for the reasons stated in subsections 6138(a)(2.1)(i) and (ii). 61

8

Pa. C.S. §6138(a)(2.1); *Pittman v. Pennsylvania Board of Probation and Parole*, 159 A.3d 466, 473 (Pa. 2017).

In the exercise of this discretion, the Board must conduct an "individual assessment of the facts and circumstances surrounding a [a parolee's] parole revocation." *Pittman*, 159 A.3d at 474. Further, the Board must "articulate the basis for its decision to grant or deny a CPV credit for time served at liberty on parole." *Id.* Although the Board has broad discretion to grant or deny such credit, its decision is subject to appellate review and must be reversed or vacated as an abuse of discretion where the Board has based its denial of credit on an erroneous premise. *Id.* at 474-475. Where the Board denies credit for time served at liberty on parole, this time is applied to the original maximum expiration date to create a new maximum date. *Armbruster v. Pennsylvania Board of Probation and Parole*, 919 A.2d 348, 351 (Pa. Cmwlth. 2007).

In addition, "where an offender is incarcerated on both a Board detainer and new criminal charges, all time spent in confinement must be credited to either the new or original sentence." *Martin*, 840 A.2d at 309; *accord Gaito v. Pennsylvania Board of Probation and Parole*, 412 A.2d 568, 571 n.6 (Pa. 1980); *see Smith v. Pennsylvania Board of Probation and Parole*, 171 A.3d 759, 769 (Pa. 2017) (holding that *Martin* and *Gaito* remain the rule in this Commonwealth for how credit is applied). As our Supreme Court held in *Gaito*:

> [I]f a defendant is being held in custody solely because of a detainer lodged by the Board and has otherwise met the requirements for bail on the new criminal charges, the time which he spent in custody shall be credited against his original sentence. If a defendant, however, remains incarcerated prior to trial because he has failed to satisfy bail requirements on the new criminal charges, then the time spent in custody shall be credited to his new sentence.

9

412 A.2d at 571.

Here, Bailey was not convicted of a crime of violence, did not commit a crime requiring sex offender registration, and was not subject to a federal removal order. *See* 61 Pa. C.S. §6138(a)(2.1)(i), (ii). As a result, the Board had discretion to deny Bailey credit for the time he spent at liberty on parole, provided it articulated a reason for its denial. 61 Pa. C.S. §6138(a)(2.1); *Pittman*. The Board declined to credit Bailey with time spent at liberty on parole citing Bailey's "history of supervision failures in probation and/or parole." C.R. at 85. That is a sufficient articulation of a reason for denying credit. *See Barnes v. Pennsylvania Board of Probation and Parole*, 203 A.3d 382, 391 (Pa. Cmwlth. 2019) (notation that the new conviction was similar to original offense and early failure after only eight months on the street was a sufficient articulation of reason for denying credit); *see also Pittman*, 159 A.3d at 475 n.12 ("the reason the Board gives does not have to be extensive and a single sentence explanation is likely sufficient in most instances"). Upon review, we discern no abuse of discretion in the Board's denial of street time credit on this basis.

In addition, Bailey was not entitled to credit against his original sentence for time spent incarcerated between his date of arrest on his new criminal charges and his parole revocation. On June 20, 2019, Bailey was arrested on new criminal charges and the Board issued a warrant to commit and detain him. However, because Bailey did not post bail on the new criminal charges, C.R. at 17, 77, he was not detained solely on the Board's warrant. Consequently, this period of detention between his date of arrest and parole revocation applies to his new sentence and not to his original sentence. *See Martin.* Upon review, the Board did not err or

10

abuse its discretion by denying credit on Bailey's original sentence. The Board properly determined Bailey still owed 2,233 days towards his original sentence.

Bailey also asserts that the Board incorrectly set his "custody for return date" as April 24, 2020, as opposed to June 20, 2019, the date of his arrest, in its calculation of his new maximum date. However, a CPV's "custody of return" date is determined by the date of the parole revocation. *Wilson v. Pennsylvania Board of Probation and Parole*, 124 A.3d 767, 769-70 (Pa. Cmwlth. 2015) (recommitment date for CPV is the date parole is revoked as indicated by the second signature on the hearing report); *Campbell*, 409 A.2d at 982 (service of backtime on an old sentence must be computed from the date the Board revokes parole). This occurs once a hearing examiner and at least one Board member signs a hearing report recommitting a parolee as a CPV. *Wilson*, 124 A.3d at 769-70. Time served prior to the parole revocation date must be applied to the new sentence. *Wilson*, 124 A.3d at 770; *Campbell*, 409 A.2d at 982.

Although Bailey was incarcerated on June 20, 2019, Bailey's parole was not revoked until April 24, 2020, when the Board obtained the second signature from a panel member that was necessary to recommit him as a CPV. C.R. at 70. Thus, the Board properly utilized April 24, 2020, as Bailey's custody for return date, and Bailey is not entitled to an adjustment on this basis.

In sum, Bailey was released on parole on June 11, 2018, with a maximum sentence date of June 22, 2024, which left an unserved balance of 2,233 days on his sentence. C.R. at 83. Adding Bailey's unserved balance on his original sentence of 2,233 days to the parole revocation date of April 24, 2020, results in a maximum sentence date of June 5, 2026. *Id.* at 83. Upon review, the Board did not err in calculating Bailey's maximum date.

11

## IV. Conclusion

Upon review, we agree with Attorney Greenspan that Bailey's claims are without merit. Accordingly, we grant Attorney Greenspan's petition to withdraw as counsel, and we affirm the order of the Board denying Bailey's request for administrative review.

_____
MICHAEL H. WOJCIK, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jack Bailey,                                :
                                            :
                    Petitioner              :
                                            :
            v.                              :  No. 956 C.D. 2021
                                            :
Pennsylvania Parole Board,                  :
                                            :
                    Respondent              :

# **O R D E R**

AND NOW, this 24th day of February, 2023, the order of the Pennsylvania Parole Board, mailed July 13, 2021, is AFFIRMED, and the petition to withdraw as counsel filed by Dana E. Greenspan, Esquire, is GRANTED.

_____
MICHAEL H. WOJCIK, Judge