# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Ian Thomas Anderson, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 710 C.D. 2023 |
| | : | SUBMITTED: August 9, 2024 |
| Pennsylvania Parole Board, | : | |
| Respondent | : | |

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, President Judge
HONORABLE CHRISTINE FIZZANO CANNON, Judge
HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

## OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**                    **FILED:  September 26, 2024**

Petitioner, Ian Thomas Anderson, an inmate at the State Correctional Institution–Benner Township, petitions for review from the decision of Respondent, the Pennsylvania Parole Board, to deny credit for time at liberty on parole (parole liberty credit), and to deny administrative relief.  We affirm.

The facts are as follows.  Petitioner was initially sentenced for driving under the influence of alcohol (DUI), highest rate of alcohol, and driving under suspension of operating privilege.  (Sentence Status Summary, Certified Record "C.R." at 1.)  The initial term of sentence was 1 year, 1 month, and 15 days minimum and 5 years, 6 months maximum.  (*Id.* at 1-2.)  Petitioner was first granted parole and released in 2016.  (Notice of Board Decision, C.R. at 4-5; Order to Release on Parole/Reparole, C.R. at 6.)  Prior to his release, Petitioner signed a document concerning conditions governing his parole stating in pertinent part as follows:

> If you are convicted of a crime committed while on parole
> . . . , the Board has the authority, after an appropriate
> hearing, to recommit you to serve the balance of the
> sentence . . . you were serving when paroled . . . , with no
> credit for time at liberty on parole.

(Conditions Governing Parole/Reparole, C.R. at 7-8.)

In May of 2018, Petitioner was detained pending resolution of new criminal charges (Notice of Board Action, C.R. at 9), and in July of 2018, Petitioner was recommitted as a convicted parole violator (Order to Recommit, C.R. at 10; Notice of Board Decision, C.R. at 12-13).

In early 2019, Petitioner was granted parole again. (Notice of Board Decision, C.R. at 14-16; Order to Release on Parole/Reparole, C.R. at 17.) Prior to release, Petitioner again signed conditions governing his parole, identical to those set forth *supra*. (Conditions Governing Parole/Reparole, C.R. at 18-20.) Petitioner was released in April of 2019. (Order to Release on Parole/Reparole, C.R. at 17.)

While on parole, Petitioner was again arrested, this time for several charges arising from a motor vehicle incident. (Criminal Arrest and Disposition Report, C.R. at 26; Police Criminal Complaint, C.R. at 32-39.) On November 26, 2021, the Department of Corrections lodged a warrant to commit and detain Petitioner. (Warrant to Commit and Detain, C.R. at 21.) Petitioner was charged with, *inter alia*, aggravated assault–fear of imminent serious bodily injury of a designated individual. (Criminal Docket, Court of Common Pleas of Centre County, No. CP-14-CR-0001322-2021 "No. 1322-2021," C.R. at 57.) The trial court set bail, which was not posted. (*Id.* at 57.) On March 17, 2022, Petitioner pled guilty to other charges—fleeing or attempting to elude a police officer and recklessly endangering another person—and was sentenced to a term of time served to 18 months to be served in the Centre County Prison, and 1 year probation. (Criminal Arrest and

2

Disposition Report, C.R. at 27; Court Appearance Sheet, C.R. at 30). Petitioner was paroled from his county sentence on March 23, 2022. [Order, *Commonwealth v. Anderson* (C.C.P. Centre, No. 1322-2021, filed March 23, 2022).]

Subsequently, after Petitioner waived a parole revocation hearing, the hearing examiner recommended revocation of Petitioner's parole as a convicted parole violator as a result of his conviction at Centre County No. 1322-2021 and denial of parole liberty credit; a Board member signed and indicated agreement. (Revocation Hearing Report, C.R. at 40-50.) The Board member adopted the hearing examiner's recommendation with respect to parole liberty credit. (*Id.*)

By decision recorded on May 6, 2022, the Board ordered Petitioner recommitted as a convicted parole violator to serve 12 months of backtime for the offenses of fleeing or attempting to elude an officer and recklessly endangering another person. [May 6, 2022 Notice of Board Decision (first recommitment decision), C.R. at 64.] The Board denied parole liberty credit, explaining as follows: "Reasons: conviction in a court of record established. New charges serious/assaultive. You are considered a threat to the safety of the community." (*Id.*) Petitioner's new maximum sentence date was established as August 8, 2025. (*Id.*)

Petitioner filed a timely administrative appeal through counsel that challenged the Board's first recommitment decision on the ground that the Board lacked substantial evidence to find that the conviction was assaultive in nature, because the assault charge was dismissed at a preliminary hearing. (Administrative Remedies Form, C.R. at 71.) Counsel further asserted that "lacking the *ex parte* hearing examiner's report of the revocation, [Petitioner] has no way of knowing whether that [sic] the decision was made contemporaneous with the decision to revoke." (*Id.*) Petitioner separately filed an administrative remedies form that

challenged denial of parole liberty credit because the offense was not assaultive in nature. (Administrative Remedies Form, C.R. at 72.)

On March 21, 2023, the Board recorded a second recommitment decision, referencing the initial decision to recommit, again for a period of 12 months, and denying parole liberty credit, explaining as follows:

> The Board in its[] discretion did not award credit to you for the time spent at liberty on parole for the following reasons:
>
> --[Petitioner] has a history of supervision failure(s) in probation and/or parole that warrant denying credit for time at liberty on parole.
>
> --[Petitioner] continues to demonstrate unresolved drug and/or alcohol issues that warrant denying credit for time at liberty on parole

(May 21, 2023 Notice of Board Decision, C.R. at 68.)

In response to the second recommitment decision, Petitioner, again through counsel, sought administrative relief. Petititioner asserted that the new reasons to deny parole liberty credit were not made contemporaneous with the recommitment decision, in contravention of *Pittman v. Pennsylvania Board of Probation and Parole*, 159 A.3d 466 (Pa. 2017). (Administrative Remedies Form, C.R. at 75.) Petitioner continued, "[w]hile this decision appears to be a *sub silentio* acknowledgment that we were correct in our previous [petitions for administrative relief], we would appreciate a consolidated response to both . . . in writing within 30

4

days to avoid an *Arguelles v. Pennsylvania Board of Probation and Parole*, 892 A.2d 912 [] (Pa. Cmwlth. 2006)[,] quashal and waiver trap."[1]

The Board, by letter dated June 16, 2023, responded to all three requests for administrative relief. (Resp. to Administrative Appeals, C.R. at 80-81.) The Board acknowledged that the second recommitment decision was made in response to the initial requests for administrative relief filed by counsel and Petitioner. (*Id.* at 80.) The Board then stated that "[b]ecause a new decision with new reasons was provided with new appeal provisions, the objections to the previous reasons provided for denying credit for time spent on parole are now moot." (*Id.*) The Board continued that the decision to grant or deny credit for time at liberty on parole was discretionary pursuant to Section 6138(a)(2.1) of the Prisons and Parole Code, 61 Pa.C.S. § 6138(a)(2.1); that its articulation of reasons for denial was sufficient under *Pittman*; and that the Board denied credit because of Petitioner's supervision failure and unresolved drug and/or alcohol issues. (*Id.* at 80.) For these reasons, the Board dismissed the administrative appeals from the first recommitment order as moot and affirmed its second recommitment order.

---

[1] In *Arguelles*, the Board, after receiving an administrative appeal from a parolee whose parole had been revoked, remanded the matter for further hearings on the issue of whether the parolee was entitled to parole liberty credit. *Arguelles*, 892 A.2d at 912-13. When the parolee appealed to this Court, we held that the appeal was interlocutory because the remand required a hearing and the exercise of administrative discretion. Therefore, we quashed the appeal as not meeting the requirements of Pennsylvania Rule of Appellate Procedure 311(f)(1), Pa. R.A.P. 311(f)(1), which provides that an interlocutory appeal as of right is allowed from "an order of a common pleas court or government unit remanding a matter to an administrative agency or hearing officer for execution of the adjudication of the reviewing tribunal in a manner that does not require the exercise of administrative discretion."

While the meaning of "quashal and waiver trap" is not immediately apparent to the Court, it is clear that Petitioner wished to avoid an interlocutory order which might delay judicial review.

The instant petition for review ensued. On appeal, Petitioner raises the following issue: "Did the [] Board err in denying the award of parole liberty credit based on factors not articulated contemporaneously with the [second recommitment decision]?" (Pet'r Br. at 4.) Of note, Petitioner only raises the lateness of the explanation, not its sufficiency.[2]

---

[2] We note inconsistency between the reasons suggested for denial offered by the hearing examiner for denial of parole liberty credit and the reason set forth in the second recommitment decision. Under "Hearing Examiner Recommendation for Awarding/Denying Credit," a question is asked, "Credit time spent at liberty on parole? Hearing Examiner Recommendation" to which the hearing examiner wrote, "No–Deny credit for only the current period of liberty on parole" and the following box was checked: "The offender committed a new offense that was assaultive in nature thereby warranting denial of credit for time at liberty on parole." (May 4, 2022 Revocation Hearing Report, C.R. at 44.)

The following boxes under Hearing Examiner Recommendation for Awarding/Denying Credit were *not* checked: "The offender has a history of supervision failure(s) in probation and/or parole to warrant denying credit for time at liberty on parole" and "The offender continues to demonstrate unresolved drug and/or alcohol issues that warrant denying credit for time at liberty on parole." (*Id.* at 44.)

Under "States Evidence," "Exhibits & Documentation," "Dispositional," the hearing examiner responded to the form prompt of "Parolee's overall adjustment under supervision per the supervision history was:" with the answer "Fair" and the following comment:

> Mr. Ian Anderson was reparoled on [April 9, 2019] to continue service of his [1 year, 1 month, 15 days to 5 years 6 months] sentence for DUI Alcohol–Highest Impairment and Driving Under Suspension. His adjustment to supervision was fair. He was stipulated to complete Drug & Alcohol Treatment, Mental Health Assessment and Domestic Violence classes. On [May 6, 2020] parole staff [was] advised he checked himself into an inpatient mental health facility. He was employed sporadically throughout his supervision. On [November 26, 2021] Mr. Anderson was arrested by [Pennsylvania State Police] Rockview after being involved in a high-speed chase. On [March 3, 2022] he plead[ed] guilty to Fleeing and Eluding and was sentenced to [109 days] - 18 months, and a [1 year] county probation.

**(Footnote continued on next page…)**

Section 6138(a)(2.1) of the Parole Code provides, in pertinent part, as follows: "[t]he [B]oard may, in its discretion, award credit to an offender recommitted under paragraph 2 for the time spent at liberty on parole . . . ." 61 Pa.C.S. § 6138(a)(2.1). Paragraph 2.1 is an exception to the general rule of Paragraph 2 that if an offender's parole is revoked, he must be recommitted to serve the remainder of his term with no credit given. 61 Pa.C.S. § 6138(a)(2). In *Pittman*, our Supreme Court held that "the Board must provide a contemporaneous statement explaining its reasons for denying" parole liberty credit because failure to do so violates its statutory mandate and contravenes the parolee's due process right to challenge the decision. *Pittman*, 159 A.3d at 475.

Petitioner argues that the Board's first recommitment decision lacks required factual support, *see Marshall v. Pennsylvania Board of Probation and Parole*, 200 A.3d 643, 651 (Pa. Cmwlth. 2018) ("[a]t a minimum, the Board's statement of reasons must accurately reflect the facts informing its decision"), and that the reasons in its second recommitment decision were not contemporaneous, as required by *Pittman*. With regard to the first recommitment decision, Petitioner points out that when challenged, the Board admitted to the lack of factual support for the sole reason given for the denial of parole liberty credit, and then came up with "new reasons" nearly a year after its initial decision. (Pet'r Br. at 13.) With regard to the second recommitment decision, Petitioner cites *Wilson v. Pennsylvania Board of Probation and Parole*, 124 A.3d 767, 770 (Pa. Cmwlth. 2015), for the proposition that "[a] state parolee is recommitted as a convicted parole violator when

(*Id.* at 42.) There are no findings of drug or alcohol issues in the hearing report and no apparent evidence of such issues in the certified record.

7

the Board member assigned as a decision maker in its revocation signs off on the [h]earing [e]xaminer's report from the revocation hearing." (Pet'r Br. at 15.) Petitioner contends that both the hearing examiner and the board member clearly articulated a mistaken reason for denying credit despite knowing that *Pittman* requires that the reasons to deny credit must be made contemporaneous with the decision to revoke parole.

The Board argues that it is permitted to correct errors in response to an administrative appeal. The Board contends that to hold contrary would "fl[y] in the face of the purpose of the exhaustion doctrine."[3] The Board further contends that its correction of its error is consistent with this Court's decision in *Smoak v. Talaber*, 193 A.3d 1160 (Pa. Cmwlth. 2018), where remand was found unnecessary when, after receiving an administrative appeal of a recommitment order omitting any explanation for denying credit, it "corrected its omission by modifying the recommitment order to include its reason for denying [the offender] credit for his street time." *Id.* at 1164.

---

[3] We have explained the exhaustion doctrine this way:

> The primary purpose of the exhaustion doctrine is to ensure that claims will be heard, as a preliminary matter, by the body having expertise in the area. This is particularly important where the ultimate decision rests upon factual determinations lying within the expertise of the agency or where agency interpretations of relevant statutes or regulations are desirable. In addition, the exhaustion doctrine provides the agency with the opportunity to correct its own mistakes and to moot judicial controversies.

*St. Clair v. Pa. Bd. of Prob. and Parole*, 493 A.2d 146, 152 (Pa. Cmwlth. 1985).

We agree with the Board that *Smoak* is applicable here. Petitioner has not cited, and we cannot find, a case where a failure to issue a sufficient statement at the same time as an initial parole liberty credit decision has been deemed fatal when a subsequent explanation is provided. We have gone so far, albeit in an unreported decision, as to state that "[w]here the Board provides a statement of its reasons for the denial of credit during the pendency of the inmate's administrative appeal, the failure to give a contemporaneous reason is not a ground for reversing or vacating the denial of credit for time at liberty on parole." *Cherry v. Pa. Bd. of Prob. and Parole* (Pa. Cmwlth., No. 623 C.D. 2018, filed Nov. 15, 2018), slip op. at 12.[4] Even in *Plummer v. Pennsylvania Board of Probation and Parole*, 216 A.3d 1207 (Pa. Cmwlth. 2019), a case cited by Petitioner for support of the existence of an enforceable contemporaneity requirement, the Court found that a sufficient explanation offered with a new recommitment order after remand from this Court was "contemporaneous" for the purposes of *Pittman*, as it corresponded to the new order. *Id.* at 1210 n.5. At all events, were we to find the decision of the Board was insufficient, the remedy would be to remand for further proceedings and a new order with a sufficient explanation. *Marshall*, 200 A.3d at 651-52. We see no reason to do so here.

In light of the foregoing, we affirm.

**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita

---

[4] *Cherry*, an unreported decision, is not binding precedent but is considered by the Court for its persuasive value. 210 Pa.Code § 69.414(a).

9

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ian Thomas Anderson,     :
      Petitioner  :
           :
  v.         :  No. 710 C.D. 2023
           :
Pennsylvania Parole Board,   :
      Respondent :

# **O R D E R**

AND NOW, this 26th day of September, 2024, the order of the Pennsylvania Parole Board of June 16, 2023 is AFFIRMED.

              _____
              **BONNIE BRIGANCE LEADBETTER,**
              President Judge Emerita